J-S47009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARNELL C. BALDWIN | |
| Appellant | No. 366 EDA 2013 |

Appeal from the PCRA Order January 25, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0907791-2004

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                **FILED AUGUST 27, 2014**

Appellant, Darnell C. Baldwin, appeals from the January 25, 2013 order denying his second counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.   After careful review, we affirm.

A prior panel of this Court summarized the relevant factual history of this case as follows.

> [Appellant]'s [third-degree murder and possessing instruments of crime (PIC)] conviction[s] arose out of the shooting death of his wife, Donna Baldwin, on September 3, 2004.[1]  That evening, at approximately 7:45 p.m., [Appellant], who was then separated from his wife, drove to her home ostensibly to discuss circumstances surrounding the

_____

[1] 18 Pa.C.S.A. §§ 2502(c) and 907, respectively.

failure of their marriage. The record shows that the victim, who had recently suffered from cervical cancer, discovered that [Appellant] had been engaged in an extramarital affair for several years. Distraught over the situation, Mrs. Baldwin had telephoned her husband on his cell phone some [14] times that day.

When [Appellant] arrived at the house, he encountered Stephanie Pinder, who had also just arrived and was dropping off the Baldwin's ten-year-old son, [D.B.J.], after babysitting. [] Pinder observed [Appellant] enter the house and sent [D.B.J.], inside to tell his parents he was home. While inside the house, [D.B.J.], saw his parents standing in the hallway near their bedroom and overheard them carrying on a discussion in hushed voices. After [D.B.J.] went into his own room, he left his parents to their discussion and went outside to play with his friends.

Subsequently, at 8:23 p.m., the Philadelphia Police received a radio transmission of a man with a gun in the 6700 block of Carlisle Street, where the Baldwin home was located. At that same time, [Appellant] had called 911 and reported the shooting. When the 911 dispatcher asked him what had happened, he replied[,] "I shoot [*sic*] my wife." Shortly thereafter, Officer Lamar Poole arrived at the Baldwin home and found [Appellant] sitting outside. When Baldwin took [the officer] upstairs, the officer discovered Donna Baldwin lying halfway off her bed, still alive[,] but unable to move. She was moaning and gurgling blood and a large puddle of blood soaked the bed surrounding her head. Above her head lay a .22 caliber long rifle handgun, which later forensic examination showed had been fired into the back of her head at point blank range. Although medical personnel attempted to save Mrs. Baldwin's life, she died shortly after arriving at the hospital.

***Commonwealth v. Baldwin***, 998 A.2d 999 (Pa. Super. 2010) (unpublished

memorandum at 1-3), *appeal denied*, 4 A.3d 1050 (Pa. 2010).

- 2 -

On May 3, 2006, a jury found Appellant guilty of the aforementioned crimes. Following a pre-sentence investigation and psychiatric evaluation, the trial court sentenced Appellant on June 20, 2006, to 12½ to 25 years' imprisonment for his third-degree murder conviction. The trial court also imposed a concurrent sentence of 2½ to 5 years' imprisonment for his PIC conviction.

On February 26, 2007, Appellant filed his first PCRA petition, requesting the reinstatement of his appellate rights *nunc pro tunc*. The PCRA court granted this petition on January 23, 2009. On direct appeal, Appellant challenged the sufficiency of the evidence underlying his murder conviction. **See Baldwin**, **supra** at 5. On April 7, 2010, we affirmed the trial court's judgment of sentence. **See generally id.** Appellant then filed a petition for allowance of appeal with our Supreme Court, which was denied on August 27, 2010. **Id.**

On April 8, 2011, Appellant filed the instant PCRA petition.[2] Herein, Appellant alleges that his trial counsel provided him with ineffective assistance by failing to file a post-sentence motion requesting the reconsideration of his sentence. Appellant's Amended PCRA Petition, 4/13/12, at ¶ 55. Appellant requested leave to file such a motion *nunc pro tunc*. **Id.** at ¶ 101. On September 4, 2012, the Commonwealth filed a

---

[2] On April 13, 2012, court-appointed counsel filed an amended PCRA petition on Appellant's behalf.

motion to dismiss Appellant's amended petition. Without conducting a hearing, the PCRA court filed a notice of intent to dismiss Appellant's PCRA petition, pursuant to Pennsylvania Rule of Criminal Procedure 907, on November 1, 2012, and dismissed Appellant's amended petition on January 25, 2013.[3] On January 28, 2013, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant presents the following issue for our review.

> [1]. Is [A]ppellant entitled to post-conviction relief in the form of the grant of leave to file a post-sentence motion *nunc pro tunc* in the nature of a motion for reconsideration of sentence or a remand for an evidentiary hearing as a result of the ineffective assistance of trial counsel for failing to file and litigate a post-sentence motion in the nature of a motion for reconsideration of sentence as requested by [A]ppellant?

Appellant's Brief at 4.

We begin by noting our well-settled standard and scope of review. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to

---

[3] The PCRA court amended its November 1, 2012 notice on November 30, 2012.

[4] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). However, when the PCRA court's legal conclusions are at issue, we apply a *de novo* standard of review. ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011).

In order to be eligible for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence arose from one or more of the errors listed within Section 9543(a)(2). Included among these errors is a claim that the petitioner's conviction or sentence arose from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Id.*** § 9543(a)(2)(ii).

Herein, Appellant alleges that he received post-sentence ineffective assistance of counsel. Appellant's Brief at 4. When reviewing a claim of ineffective assistance of counsel we apply the following test, first articulated by our Supreme Court in ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987) (adopting the ineffectiveness standard set forth in ***Strickland v. Washington***, 466 U.S. 668 (1984)).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise.

Counsel cannot be found ineffective for failure to assert a baseless claim.

To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). It is well settled that "[f]ailure to establish any prong of [*Pierce*'s three-prong] test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 330 (Pa. 2011).

Pursuant to the first prong of the *Pierce* test, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citation and quotation marks omitted), *appeal denied*, --- A.3d ---, 2014 Pa. LEXIS 1428 (Pa. 2014). Whether the factual allegations raised by a petitioner amount to arguable merit is a legal conclusion subject to *de novo* review. *Id.*; *see also Spotz*, *supra*.

"With regard to the second, reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (citation and internal quotation marks omitted).

- 6 -

"[W]e only inquire whether counsel had any reasonable basis for his actions, not if counsel pursued the best available option." ***Commonwealth v. Philitin***, 53 A.3d 1, 10 (Pa. 2012) (citation omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." ***Commonwealth v. Carson***, 913 A.2d 220, 226-227 (Pa. 2006), *cert. denied*, ***Carson v. Pennsylvania***, 552 U.S. 954 (2007), *citing* ***Strickland***, ***supra*** at 689.

Lastly, "to demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." ***Michaud***, ***supra*** (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Stewart***, ***supra*** (citation and quotation marks omitted). Our Supreme Court has stressed, "[i]f it is clear that [the petitioner] has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings [pursuant to the third prong of the ***Pierce*** test], the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs [of the test] have been met." ***Commonwealth v. Rios***, 920 A.2d 790, 799 (Pa. 2007); ***accord*** ***Commonwealth v. Luster***, 71 A.3d 1029, 1039-1040 (Pa. Super. 2013) (*en*

*banc*) (internal quotation marks omitted), *appeal denied*, 71 A.3d 1029 (Pa. 2013).

Presently, Appellant claims that trial counsel was ineffective for failing to file a post-sentence motion requesting the trial court to reconsider the sentence imposed pursuant to his third-degree murder conviction. Appellant's Brief at 16-31. He asserts the imposed sentence of 12½ to 25 years' imprisonment is "excessive and not reflective of his character, history[,] and condition." *Id.* at 18. Appellant believes the trial court either failed to consider or gave improper weight to his status as a good, hardworking father, who provided for his family and did not use drugs, and the situation surrounding the murder. *Id.* at 24. Appellant posits that "[i]n all likelihood, the sentence imposed was impermissibly based solely on the nature and circumstances of the crime[,]" which was already taken into account within the offense gravity score applied. *Id.* at 23. Appellant also claims the trial court failed to consider the factors necessary when imposing total confinement. *Id.* at 24, *citing* 42 Pa.C.S.A. § 9725.[5] Further,

_____

[5] Section 9725 of the Judicial Code, 42 Pa.C.S.A. §§ 101-9913, states as follows.

**§ 9725.  Total confinement.**

The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the

*(Footnote Continued Next Page)*

Appellant asserts the trial judge did not state on the record the reasons supporting his sentence. *Id.* at 24, *citing* Pa.R.Crim.P. 704(C)(2) (providing, "[t]he judge shall state on the record the reasons for the sentence imposed[]" at the time of sentencing). In sum, Appellant argues that his trial counsel failed to file a requested post-sentence motion challenging the discretionary aspects of his sentence. **See Commonwealth v. Taylor**, 65 A.3d 462, 467 (Pa. Super. 2013) (providing that a claim that the trial court violated the sentencing procedure found at Rule 704(C)(2) challenges the discretionary aspects of a sentence, not its legality), *appeal denied*, --- A.3d ---, 2014 Pa. LEXIS 296 (Pa. 2014), **citing Commonwealth v. Evans**, 866 A.2d 442, 442-445 (Pa. 2005).

Upon reviewing Appellant's claim, the PCRA court concluded that his issue lacked arguable merit, reasoning as follows.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> opinion that the total confinement of the defendant is necessary because:
>
> (1)   there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
>
> (2)   the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
>
> (3)   a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S.A. § 9725.

Instantly, the [trial c]ourt sentenced Appellant to a standard range sentence. The minimum sentence of 150 months was closer to the bottom of the standard range of 90 months than the top of the standard range of 240 months. Prior to imposing [its] sentence[,] th[e trial c]ourt heard testimony from Appellant's pastor… and another spiritual advisor…. The [trial c]ourt also heard from Appellant and [the victim]'s daughter…. Appellant exercised his right to allocution, which the [trial c]ourt also considered.

Although the [trial c]ourt did not specifically state prior to sentencing that it considered the presentence and psychiatric reports, the sentencing notes of testimony clearly and unambiguously indicate that these reports were reviewed and considered by the [trial c]ourt. The [trial c]ourt's file contains those reports and also contains character letters submitted by trial counsel… prior to sentencing. Those letters also were reviewed and considered by the [trial c]ourt prior to sentencing. Accordingly, prior to imposing [its] sentence, th[e trial c]ourt possessed and considered all relative sentencing information.

Had prior counsel sought, through timely filed post[-]sentence motions[,] a reconsideration of sentence, it would have been denied.

PCRA Court Opinion, 3/6/14, at 6 (citation to transcript and some capitalization omitted).

It is well settled that there is no automatic right to appeal the discretionary aspects of a sentence. *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 163 (Pa. Super. 2007). Rather, we consider such appeals to be petitions for allowance of appeal. *Id.* We permit such appeals only when the appellant has advanced a colorable argument that the sentence is

- 10 -

inconsistent with the Sentencing Code or contrary to the fundamental norms that underlie the sentencing process. ***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa. Super. 2005) (citations and quotation marks omitted), *appeal denied*, 890 A.2d 1057 (Pa. 2005). In other words, an appellant must seek permission from this Court to appeal and must establish that a substantial question exists that the sentence was not appropriate under the Sentencing Code. ***Commonwealth v. Mouzon***, 812 A.2d 617, 627-628 (Pa. 2002); 42 Pa.C.S.A. § 9781(b).

Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Prisk***, 13 A.3d 526, 532 (Pa. Super. 2011). As Appellant presently argues that his counsel failed to file a motion requesting the reconsideration of his sentence, we need only consider whether Appellant has presented a substantial question for our review.

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental

norms which underlie the sentencing process." ***Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) (citation omitted), *appeal denied*, 13 A.3d 474 (Pa. 2010); ***see also*** 42 Pa.C.S.A. § 9781(b).  This Court has long recognized that "a bald assertion that Appellant's sentence was excessive" does not raise a substantial question for our review. ***Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013).  Likewise, "[a]n argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review." ***Commonwealth v. Ratushny***, 17 A.3d 1269, 1273 (Pa. Super. 2011); ***accord Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010).  Rather, the weight to be afforded the various sentencing factors is a discretionary matter for the sentencing court and its determination will not be disturbed simply because the defendant would have preferred that different weight be given to any particular factor. ***See Commonwealth v. Marts***, 889 A.2d 608, 616 (Pa. Super. 2005).

Upon review of Appellant's discretionary aspects claim, we conclude Appellant would not be entitled to appellate review because he has failed to raise a substantial question.  Herein, Appellant concedes that the sentence imposed by the trial court "is within the statutory maximum allowable by law[.]"  Appellant's Brief at 14.  Yet, Appellant alleges his sentence is excessive because "the trial court failed to consider or give adequate weight

to mitigating or positive factors" when formulating its sentence. *Id.* at 14-15. These mitigating factors include Appellant's status as a hard-working, good father, who provides for his family and does not use drugs. *Id.* at 15. Also, Appellant claims "[t]he situational nature of the incident that resulted in the victim's death[]" is another mitigating factor the trial court failed to consider. *Id.* However, these claims do not raise a substantial question that would permit us to conduct an appellate review of his discretionary aspects of sentence claim. *See Fisher*, *supra*; *Ratushny*, *supra*; *Moury*, *supra*. Since Appellant has failed to raise a substantial question, his discretionary aspects of sentence claim lacks arguable merit. *See Stewart*, *supra*. Therefore, Appellant would not have been able to successfully pursue this claim within a post-sentence motion or on direct appeal. *Prisk*, *supra*. As such, Appellant's instant ineffectiveness claim also lacks merit, and the PCRA court did not err in denying Appellant PCRA relief on this claim. *See Birdsong*, *supra*.

Based on the foregoing, we conclude Appellant's issue is devoid of merit. Therefore, we affirm the PCRA court's January 25, 2013 order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/27/2014