J-S64026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES A. DAVIS, | |
| Appellant | No. 528 MDA 2017 |

Appeal from the PCRA Order February 27, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001537-2015, CP-35-CR-0001543-2015, CP-35-CR-0001890-2014, CP-35-CR-0002227-2015

BEFORE:  PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 22, 2017**

Appellant, James A. Davis, *pro se*, has filed an appeal at four separate docket numbers:  CP-35-CR-0001537-2015 ("15-CR-1537"), CP-35-CR-0001543-2015 ("15-CR-1543"), CP-35-CR-0001890-2014 ("14-CR-1890"), and CP-35-CR-0002227-2015 ("15-CR-2227").[1]  After careful review, we affirm in part, and vacate and remand in part.

The trial court summarized the procedural history of the case at docket number 14-CR-1890 as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] In 14-CR-1890, Appellant appears to appeal from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

On November 9, 2015, [Appellant] pled guilty in case no. 14-CR-1890 to one count of conspiracy to commit theft, and in exchange the other charges pending against [Appellant] were nolle prossed. The charges arose on August 12, 2014, when [Appellant] and Joseph Carter stole 300 railroad plates from the Canadian Pacific Railroad. On February 3, 2016, [Appellant] was sentenced in case no. 14-CR-1890, and also in case nos. 15-CR-1537, 1543 and 2227. He was sentenced in case no. 14-CR-1890 to one year of special probation consecutive to the sentences imposed in the other three cases.

On August 9, 2016, [Appellant] filed a Motion for Correction of Illegal Sentence and/or to Construe under the Post Conviction Relief Act in case no. 14-CR-1890 which this court deemed a Petition for Post Conviction Relief. Kurt Lynott, Esq. was appointed to represent [Appellant]. On September 23, 2016, the Commonwealth filed an Answer and Motion to Dismiss. On December 29, 2016, Mr. Lynott filed a Motion to Withdraw as Counsel Pursuant to a Turner-Finley[2] Letter.

Memorandum and Notice of Intent to Dismiss, 1/31/17, at 1-2.

On January 6, 2017, the PCRA court granted Mr. Lynott's motion to withdraw. On January 24, 2017, Appellant filed a *pro se* pleading titled, "Pro Se Objection to Notice of Intent to Dismiss" at all four docket numbers. In this filing, Appellant presented multiple challenges to his sentences at all four docket numbers and requested a hearing on the matters. *Pro Se* Objection to Notice of Intent to Dismiss, 1/24/17, at 1.

On January 31, 2017, the PCRA court issued a Memorandum and Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907 to the PCRA petition filed in

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

14-CR-1890.  Appellant filed an objection on February 15, 2017.[3]  Objection to Notice of Intent to Dismiss, 2/15/17, 1-4.  The PCRA court dismissed Appellant's petition on February 27, 2017.  Order and Notice of Right to Appeal, 2/27/17, at 1.  Appellant filed a notice of appeal on March 22, 2017, at all four docket numbers.  Notice of Appeal, 3/22/17, at 1.  The notice of appeal provides, verbatim, as follows:

> Notice is hereby given to the herein Court, that Petitioner, James Davis - ,,pro-se named in the above capitation is appealing the lower court's decision in this matter,to the Superior Courrt, where petitioner was not granted relief on any of his constitutional claims,under Pennsylvania Rules of Criminal Procedure.

Notice of Appeal, 3/22/17, at 1.  Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review, which we have reproduced verbatim:

1. Whether the Judge erred when he imposed sentence's with reguard to 2nd, 3rd, 4th DUI without a Drug/Alcohol Assessment that is a maditory component prior to sentencing pursuant to 75, PA. C.S. §3814 and ordering this Assessment Post-Sentence.

2. Whether the Judge erred when he imposed an Illegal sentence on Retail Theft (S).

3. Whether the Judge erred when he signed multiple backdated orders that contradict the first orders, stating on February 3rd, 2016, is when the sentences were imposed, constituting fraud and perjury.

---

[3] Appellant's objection filed February 15, 2017, apparently in response to the PCRA court's January 31, 2017 notice of intent to dismiss, also included all four docket numbers.

4. Whether the Court lacked jurisdiction over the sentence of Criminal Conspiracy to Commit Theft, to alter/modify the sentence long after the 30-days allowed pursuant to 42 PA. C.S.A. § 5505.

5. Whether the judge erred when he Altered/Modified the sentence of Criminal Conspiracy to Commit Theft after 30-days, by changing a concurrent sentence to a consecutive sentence increasing defendants punishment on this charge in violation of the Double Jeopardy Clause.

6. Whether the court violated the defendants Constitutional Rights by not holding a direct proceeding with the defendant present to modify the order, and failing to state on the record it's reasons for the increased punishment pursuant to PA. R. CRIM. P. 704 (c) (2).

7. Whether the Court acted with Prejudice and abused it's discretion by violating the law pertaining to an illegal modification of a sentence, violating Procedural and Substantive Due Process and Double Jeopardy protections.

8. Whether all Counsel of record were Constitutionally ineffective, based on record claims.

Suggested Answer for all issues:  Yes

Is Appellant's appeal frivolous?

Appellant's Brief at 5-6.

Before addressing Appellant's issues, we must determine whether the appeals at all four docket numbers are properly before us.  As noted, Appellant was sentenced at all four above-referenced docket numbers on February 3, 2016.  Appellant did not file a timely direct appeal from any of those sentences.  Appellant had filed, however, a petition that the court of common pleas deemed a PCRA petition on August 9, 2016, at docket number 14-CR-1890 only.  Furthermore, Appellant filed a notice of appeal on March 22, 2017,

as to all four docket numbers. Because docket number 14-CR-1890 has a different procedural posture, we address that docket separately.[4]

### **Docket Number 14-CR-1890**

The record reflects that on August 9, 2016, Appellant filed a pleading in docket number 14-CR-1890, which the court of common pleas treated as a PCRA petition. PCRA Petition, 8/9/16, at 1-2. As noted above, counsel was appointed and was later permitted to withdraw on January 6, 2017. On January 31, 2017, the PCRA court issued a Memorandum and Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907, and Appellant filed an objection on February 15, 2017. The PCRA petition was ultimately dismissed on February 27, 2017, and Appellant filed a timely appeal in this docket on March 22, 2017.[5]

A review of the issues raised on appeal by Appellant reflects that only issues three through eight pertain to docket number 14-CR-1890. Thus, we will address those claims here.

---

[4] We note that this appeal consists of four separate docket numbers and related certified records. There is no indication in the record that these cases were consolidated for purposes of this appeal.

[5] Appellant's notice of appeal did not identify the order from which the appeal is taken. However, given the timeline, we conclude that the appeal was from the order denying his PCRA petition. ***See Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014) ("A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective."); ***see also*** Pa.R.A.P. 902 (holding that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal").

In his third issue, Appellant maintains that the trial judge erred when he "signed multiple backdated Orders that contradict the first orders, stating on February 3rd, 2016 is when the sentences were imposed, constituting fraud and perjury." Appellant's Brief at 17-18. In support of this claim, Appellant makes the following argument:

> Judge Geroulo signed the Written Sentencing Orders and the original Sentencing Orders which correspond with eachother [sic] and were certified from the record on April 7th,2016 [sic] along with the Court Commitment Orders. He then signed the Corrected Sentencing Orders between April 7th and April 15th, 2016[,] stating that on February 3rd, 2016 is when he imposed the sentences which constitutes perjury. He knowingly signed new orders between the 7th and 15th of April that were untrue. A person who swearing under oath or affirmation to what is untrue constitutes perjury. The court used administrative back channels to change these sentencing orders and committed fraud by certifying these fraudulent documents.

Appellant's Brief at 18. Attached to Appellant's Brief is an Order from the Court of Common Pleas of Lackawanna County, dated February 3, 2016. Appellant's Brief at 34. On the bottom of this order is a stamp that reflects "Certified from the Record April 7, 2016." *Id.* That order states that Appellant was sentenced to confinement for a minimum period of 90 days and a maximum of 5 years. *Id.* Also attached to Appellant's Brief, is an order with "Corrected" hand-written above the heading "Order", also dated February 3, 2016. Appellant's Brief at 45. However, this order indicates that Appellant was sentenced to one year of probation, with special conditions, and includes a stamp reflecting the following: "Certified from the Record April 18, 2016." *Id.*

"[F]or a trial court to exercise its inherent authority and enter an order correcting a defendant's written sentence to conform with the terms of the sentencing hearing, the trial court's intention to impose a certain sentence must be obvious on the face of the sentencing transcript." *Commonwealth v. Borrin*, 12 A.3d 466, 473 (Pa. Super. 2011). "If, on the other hand, a trial court's stated intentions during the sentencing hearing are ambiguous, then the terms of the sentence in the sentencing order control, and the trial court cannot correct its perceived mistake." *Id.*

"It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders. A trial court maintains this authority even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505 for the modification of orders. *Borrin*, 12 A.3d at 471 (internal citations omitted).

Here, the certified record reflects that at the February 3, 2016 sentencing hearing Appellant was sentenced for criminal conspiracy to commit theft at docket number 14-CR-1890 to special probation for a period of one year, to "be consecutive to the sentences imposed on the 3 DUI's" at the other docket numbers. N.T., 2/3/16, at 7. The court's imposition of this sentence was obvious on the face of the transcript. *Id.* Moreover, the certified record

includes a sentencing order, docketed February 3, 2016, reflecting this sentence. Order, 2/3/16, at 1.[6]

Thus, there is no indication in the certified record that the sentence imposed for criminal conspiracy to commit theft was subsequently changed. Additionally, in addressing this claim as raised in Appellant's PCRA petition, the PCRA court provided the following explanation:

> [Appellant] alleges that on February 3, 2016, the court imposed a sentence in this case of 90 days to 5 years with the DUI convictions, but then changed this sentence to a one year of probation sentence in April 2016. As Mr. Lynott states in his Turney-Finley letter, this assertion is incorrect. On February 3, 2016, [Appellant] was sentenced in this case to one year of special probation consecutive to the sentences imposed in the other three cases. Transcript of February 3, 2016 Sentencing at 7. The April 18, 2016 Commitment Order also state[s] that the sentence is one year of special probation consecutive to the sentences in his other cases. Thus, contrary to his assertions, this court did not amend his sentence.

Memorandum and Notice of Intent to Dismiss, 1/31/17, at 2-3. To the extent that any order was issued contrary to that sentence, as suggested by the order attached to Appellant's Brief, such would constitute a "clear clerical error" that

_____

[6] We note that this order indicates that it is a "Corrected Order", but there is no previous sentencing order included in the certified record. Order, 2/3/16, at 1. The order attached to Appellant's Brief that indicates he was sentenced to confinement for a minimum period of 90 days and a maximum of 5 years, is not included in the certified record. "[A]n appellate court is limited to considering only the materials in the certified record when resolving an issue." **Commonwealth v. McBride**, 957 A.2d 752, 757 (Pa. Super. 2008). "Materials that have only been included in briefs, but are not part of the record cannot be considered." **Id.** at 757-758.

- 8 -

the trial court has authority to correct at any time. ***Borrin***, 12 A.3d at 471. Thus, we conclude that Appellant's claim lacks merit.

In his fourth, fifth, sixth, and seventh issues, Appellant asserts that the trial court erred, abused its discretion and violated his constitutional rights by modifying his sentence at this docket number. Appellant's Brief at 18-22. Because we have concluded that Appellant's sentence at this docket number had not been modified, these claims lack merit.

Finally, Appellant argues that trial and PCRA counsel were "constitutionally ineffective." Appellant's Brief at 6, 22-23. Appellant asserts that trial counsel was ineffective for not advising the court that Appellant had a drug problem, for advising Appellant to plead guilty despite a Pa.R.Crim.P. 600 violation, and for failing to discover the above-referenced errors. ***Id.*** at 22-23. Furthermore, Appellant alleges that PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness. ***Id.*** at 23.

A review of Appellant's PCRA petition reflects that Appellant did not raise claims of ineffective assistance in his PCRA petition. "[I]ssues not raised in a PCRA petition cannot be considered on appeal." ***Commonwealth v. Lauro***, 819 A.2d 100, 103 (Pa. Super. 2003). Accordingly, these claims are not preserved for our review.

## **Remaining Docket Numbers:  15-CR-1537, 15-CR-1543, and 15-CR-2227**

Arguably, the notices of appeal as to the remaining docket numbers are untimely. As noted, the notice of appeal filed in all four docket numbers was vague and did not identify the order from which the appeal was taken. Because the only orders entered in these three docket numbers were sentencing orders, we conclude that in those cases, Appellant was appealing the judgments of sentences.[7] Because Appellant was sentenced on February 3, 2016, and he did not file his notice of appeal until March 22, 2017, these direct appeals were untimely. **See** Pa.R.A.P. 903 (A notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken).

Review of the records in this case, however, reflects that on January 24, 2017, Appellant filed a *pro se* pleading titled, "Pro Se Objection to Notice of Intent to Dismiss" at all four docket numbers. This filing provides as follows:

<u>Objection to Notice of Intent to Dismiss</u>

1. The court lacked jurisdiction over the sentence of Criminal Conspiracy CR-1890-2014 to modify the sentence after 30 days. The sentence was 90 – Days to 5 years concurrent with 3 counts of DUI, to a new sentence of 1 year special probation.

_____

[7] We do not quash Appellant's appeals at the remaining three docket numbers on the basis of his failure to comply with Pa.R.A.P. 904, which outlines the elements to be included in the notice of appeal, but rather on the basis that they are untimely. **Williams**, 106 A.3d at 587 ("A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective."); **see also** Pa.R.A.P. 902 (holding that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal").

2. The court only had jurisdiction over the illegal sentence on CR-2227-2015 ct./2 Retail Theft. The original sentence of 1 year probation exceed the guidelines, therefore the court only had jurisdiction to correct that sentence which was corrected for 45-90 days concurrent to 3 counts of DUI.

3. The [Appellant's] presence at sentencing is a deeply rooted procedural protection and the sentence was changed after the 30 days allowed without [Appellant] being present.

4. The court modified the sentence of Criminal Conspiracy which increased [Appellant's] punishment therefore it is double jeopardy.

5. In reguards [sic] to CR1537-2015 (DUI) CR-1543-2015 (DUI) and CR-2227 ct/1 2015 (DUI) the sentences were ran [sic] concurrent. The PENNDOT records indicate the driver's license suspension penelties [sic] were ran [sic] consecutive not concurrent.

I Ask that the court grant a hearing on the above mentioned matters.

Objection to Notice of Intent to Dismiss, 1/24/17, at 1.

This Court has established that an untimely post-sentence motion may be considered a petition for relief under the PCRA regardless of how the petition is titled. *Commonwealth v. Evans*, 866 A.2d 442, 443–444 (Pa. Super. 2005) (citation omitted). As the PCRA is the sole means for obtaining collateral review and relief, this Court has provided that "any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition." *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001); 42 Pa.C.S. § 9542.

Although a petition seeks an available remedy under the PCRA, the petition must also meet the PCRA's timeliness requirements which are

"jurisdictional in nature and must be strictly construed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011) (citations omitted). Our "courts may not address the merits of the issues raised in a [PCRA] petition if it is not timely filed." *Id.*

As outlined, in his January 24, 2017 filing, Appellant presented multiple challenges to his sentences at all four docket numbers, and requested a hearing on the matters. *Pro Se* Objection to Notice of Intent to Dismiss, 1/24/17, at 1. These challenges included claims of the trial court's lack of jurisdiction and illegal sentences, which are cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(viii) (the eligibility criteria in Section 9543 of the PCRA include claims asserting that the proceeding was held in a tribunal without jurisdiction); *see also Commonwealth v. Hughes*, 865 A.2d 761, 776 (Pa. 2004) (petitioner's challenge to criminal court's refusal to transfer murder case to juvenile court was facially cognizable under the PCRA as the propriety of whether the charges should be prosecuted in the juvenile court or adult court system implicated jurisdictional concerns); 42 Pa.C.S. § 9542 ("The PCRA specifically 'provides for an action by which ... persons serving illegal sentences may obtain collateral relief.'").

Moreover, this document was filed one week prior to the filing of the PCRA court's notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 in docket number 14-CR-1890, and therefore cannot be deemed a response to the PCRA court's notice of intent to dismiss in that docket. Thus, this pleading should

have been interpreted as an amended PCRA petition as to docket number 14-CR-1890,[8] and a first PCRA petition at the remaining three dockets.

Furthermore, we need not discuss whether Appellant's petition was timely because Appellant was never appointed counsel to assist him with the preparation of his first PCRA petition in these three docket numbers. This Court has held that an indigent petitioner filing his first PCRA petition may not be denied PCRA relief unless the petitioner was afforded the assistance of counsel. *See Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011) (stating that "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake."). Thus, because this filing constitutes a first PCRA petition at these docket numbers, Appellant was entitled to counsel. Accordingly, we remand this matter for appointment of counsel regarding the filing of the first PCRA petition at docket numbers 15-CR-1537, 15-CR-1543, and 15-CR-2227.

Order at docket number 14-CR-1890 affirmed. Orders at docket numbers 15-CR-1537, 15-CR-1543, and 15-CR-2227 vacated and case

---

[8] With regard to an amended PCRA petition at docket number 14-CR-1890, Appellant does not raise any new issues and had the benefit of counsel in filing his first PCRA in that case.

- 13 -

remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2017