J-S66023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| PAUL JAY BONUS, | : | |
| Appellant | : | No. 188 WDA 2017 |

Appeal from the PCRA Order January 4, 2017
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000227-2013

BEFORE:   BENDER, P.J.E., DUBOW, J., and PLATT*, J.

MEMORANDUM BY DUBOW, J.:                      **FILED DECEMBER 15, 2017**

Appellant, Paul Jay Bonus, appeals from the January 4, 2017 Order dismissing his first Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   We vacate and remand with instructions.

On July 9, 2013, Appellant entered an open guilty plea to Rape by Forcible Compulsion, 18 Pa.C.S. § 3121(a)(1).[1]  On October 2, 2013, the trial court sentenced Appellant to a mandatory minimum sentence of 10 to

_____

[1] In exchange for Appellant's guilty plea, the Commonwealth withdrew 10 other charges: Rape by Threat of Forcible Compulsion, Sexual Assault, Aggravated Indecent Assault without Consent, Aggravated Indecent Assault by Forcible Compulsion, Aggravated Indecent Assault by Threat of Forcible Compulsion, Incest of Minor, Corruption of Minors, Indecent Assault without Consent, Indecent Assault by Forcible Compulsion, and Indecent Assault by Threat of Forcible Compulsion.

_____

*   Retired Senior Judge assigned to the Superior Court.

20 years' incarceration pursuant to 42 Pa.C.S. § 9718(a)(1). At both Appellant's guilty plea hearing and sentencing hearing, Appellant's counsel informed the court that Appellant's guilty plea to Rape by Forcible Compulsion of a victim under the age of 16 carried a mandatory minimum ten-year sentence pursuant to 42 Pa.C.S. § 9718(a)(1). **See** N.T. Guilty Plea Hearing, 7/9/13, at 3; N.T. Sentencing Hearing, 10/2/13, at 4. The trial court sentenced Appellant accordingly. **See** N.T. Sentencing Hearing, at at 5; Sentencing Order, 10/2/13; Sentencing Guideline Form, 10/4/13.

The record does not reflect, however, that counsel or the court informed Appellant that less than one month before Appellant's guilty plea hearing on June 17, 2013, the U.S. Supreme Court decided **Alleyne v. United States**, 113 S.Ct. 2151 (U.S. 2013). The Court in **Alleyne** held that any fact that increases a mandatory minimum sentence for a crime—other than the fact of a prior conviction—is an element of that crime, which much be submitted to a jury. **Alleyne**, thus, called into question the constitutionality of mandatory minimum sentences.[2]

Following his sentencing, Appellant did not file a timely Post-Sentence Motion or a direct appeal to this Court. Thus, Appellant's Judgment of Sentence became final on November 2, 2013. **See** 42 Pa.C.S. § 9545(b)(3)

---

[2] On June 20, 2016, the Pennsylvania Supreme Court in **Commonwealth v. Wolfe**, 140 A.3d 651, 663 (Pa. 2016) specifically found Section 9718, the statute pursuant to which the court sentenced Appellant, unconstitutional.

(mandating that a Judgment of Sentence becomes final at the conclusion of direct review or at the expiration of the time for seeking review); Pa.R.Crim.P. 720(A)(3).

On January 28, 2014, the trial court docketed a handwritten letter, post-marked November 22, 2013, from Appellant in which Appellant requested reconsideration of his sentence. Appellant claimed that he "was sentenced to a longer time than [he] deserves" because this was his first offense. There is a notation in the docket that the court had sent to Appellant's trial counsel, Steven L. Miller of the Public Defender's office, a copy of the letter on November 26, 2013. Neither Appellant's counsel nor the court took any action in response to Appellant's letter.

On September 14, 2015, Appellant filed a *pro se* Motion to Modify and Correct Sentence, which the court treated as a first PCRA Petition. In his Motion, Appellant challenged the legality of his mandatory minimum sentence pursuant to **Alleyne**. That same day, Appellant also filed a *pro se* "Motion for Withdrawal of Counsel *Inter Alia* Ineffective Assistance of Counsel," alleging trial counsel had abandoned him.

On December 7, 2015 the PCRA court entered an Order appointing Appellant new counsel and scheduling a hearing on Appellant's Petition.

Following the hearing, the PCRA court took the matter under advisement "to determine whether or not [Appellant's] Petition has been timely filed." PCRA Order, 1/26/16.

On May 26, 2016, the PCRA court issued a Memorandum and Notice of Intent to Dismiss Appellant's PCRA Petition pursuant to Pa.R.Crim.P. 907 finding the Petition untimely and concluding that Appellant had failed to plead and prove any exceptions to the PCRA's time-bar. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

On August 10, 2016, Appellant filed a Response to the court's Rule 907 Notice in which he asserted that his Petition was not untimely because on June 20, 2016, the Pennsylvania Supreme Court had affirmed this Court's ruling in *Commonwealth v. Wolfe*, 140 A.3d 651, 663 (Pa. 2016), finding Section 9718 to be unconstitutional.

On August 15, 2016, Appellant filed an additional Motion for Post Conviction Collateral Relief, in which he reiterated the arguments set forth in his Response to the court's Rule 907 Notice. Because the PCRA court had not dismissed Appellant's September 14, 2015 PCRA Petition, nor granted leave for Appellant to file an Amended Petition, the court treated this filing as a supplement to Appellant's Response to the court's Rule 907 Notice. Appellant argued that this Petition was timely because he filed it within 60 days of the Supreme Court's Opinion in *Wolfe*, *supra*.

On January 4, 2017, the PCRA court concluded that Appellant's PCRA Petition was untimely, and that Appellant had not proved the applicability of any of the PCRA's exceptions to the time-bar. The court noted that, because Appellant's Judgment of Sentence became final on November 2, 2013, in order to be timely, Appellant was required to file a PCRA Petition on or

before November 2, 2014.  Appellant filed a PCRA Petition on September 9, 2015.  Thus, the court concluded that Appellant's Petition was patently untimely.  The court further noted that Appellant had not raised a question of the retroactivity of **Alleyne**, because the Supreme Court decided **Alleyne** before Appellant entered his guilty plea to Rape.  PCRA Ct. Op, 1/4/17, at 5.

In a footnote, the PCRA court acknowledged for the first time that on November 26, 2013, the court received Appellant's letter requesting reconsideration of his sentence.  **Id.** at n 1.  The trial court characterized this letter as an untimely Post-Sentence Motion.

Appellant timely appealed from the January 4, 2017 Order dismissing his PCRA Petition.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Before reaching the merits of Appellant's issues on appeal, we note that the trial court erroneously failed to treat Appellant's November 26, 2013 letter challenging his sentence as a timely first PCRA Petition.  **See Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001) (holding that, regardless of what a defendant titles his Petition, "the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief.").  **See also Commonwealth v. Evans**, 866 A.2d 442, 443-44 (Pa. Super. 2005) (concluding that a Motion for Reconsideration or Modification of Sentence should be treated as PCRA Petition); **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (concluding that collateral challenge to legality of sentence for failure to give credit for time served must be brought under

the PCRA, despite being labeled as a Petition for *habeas corpus*); **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) (concluding that a Motion to Vacate Sentence qualified as a PCRA Petition); **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000) (concluding that a Motion to Correct Illegal Sentence would be treated as PCRA Petition).

Given the trial court's failure to properly consider Appellant's November 26, 2013 letter as a first PCRA Petition, "we could vacate and remand on this basis alone, as this conclusion by the court is in error." **Kutnyak**, 781 A.2d at 1262.

Further, defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. Pa.R.Crim.P. 904(C). **See Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process."). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." **Commonwealth v. Powell**, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted).

Thus, "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that

mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Although the court forwarded Appellant's trial counsel a copy of Appellant's *pro se* November 26, 2013 letter, it is not evident from the record whether counsel still represented Appellant at that time. Thus, given the nature of the relief Appellant sought and that Appellant's sentence was illegal at the time of his sentencing, it was incumbent upon the court to ensure that Appellant had counsel, or had properly waived counsel, for what was, in actuality, his first PCRA Petition. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). The lower court erred in not appointing PCRA counsel to Appellant following its receipt of his November 2013 letter.

Accordingly, we vacate the court's January 4, 2017 Order dismissing Appellant's "second" PCRA Petition and remand for Appellant's appointed counsel to file an amended first PCRA Petition.

Order vacated. Case remanded. Jurisdiction relinquished.

President Judge Emeritus Bender joins this memorandum.

Judge Platt concurs in the results.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2017

- 7 -