J-S75034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DARNELL JABBAR BARNETTE, | : | |
| | : | |
| Appellant | : | No. 727 WDA 2017 |

Appeal from the Order May 2, 2017
in the Court of Common Pleas of Cambria County,
Criminal Division at No(s):  CP-11-CR-0000825-2014,
CP-11-CR-0000918-2014

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED JANUARY 30, 2018**

Darnell Jabbar Barnette ("Barnette") appeals, *pro se*, from the Order denying his Motion for Modification or Correction of Sentences.  Because Barnette's Motion should have been treated as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"),[1] we vacate and remand for further proceedings.

On October 29, 2015, at docket number 825-2014, a jury found Barnette guilty of possession of a controlled substance, resisting arrest, and

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

tampering with physical evidence.[2]  On March 16, 2016, the trial court sentenced Barnette to an aggregate prison term of 34 to 84 months. Barnette did not file a direct appeal.

On March 31, 2016, at docket number 918-2014, Barnette pleaded guilty to possession with intent to deliver a controlled substance and resisting arrest.[3]  On April 15, 2016, the trial court sentenced Barnette to an aggregate prison term of 27 to 54 months.  The trial court further ordered that the sentence at 918-2014 would run concurrent to the sentence at 825-2014.[4]  Barnette did not file a direct appeal.

On February 25, 2017, Barnette, *pro se*, filed the Motion for Modification or Correction of Sentences, at both docket numbers.  The trial court denied the Motion for Modification.  Barnette filed a timely Notice of Appeal.[5]

_____

[2] *See* 35 P.S. § 780-113(a)(16); 18 Pa.C.S.A. §§ 5104; 4910(1).  The trial judge also found Barnette guilty of the summary offense of disorderly conduct.  *See* 18 Pa.C.S.A. § 5503(a)(4).  Additionally, following the guilty plea, Barnette elected to proceed *pro se*.

[3] *See* 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 5104.

[4] The trial court granted Barnette's counsel's Motion to Withdraw in May 2016.

[5] The trial court ordered Barnette to file a Pa.R.A.P. 1925(b) concise statement.  Barnette, *pro se*, filed an untimely Concise Statement. However, because of the procedural posture of this case, we decline to find waiver on this basis.

Based upon this procedural history, the trial court should have treated the Motion for Modification, Barnette's request for relief after the judgments of sentence became final, as a first PCRA petition. *See Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (stating that "when a defendant seeks relief after his judgment of sentence has become final, that request, regardless of its form or title, must be treated as a PCRA petition."); *see also Commonwealth v. Evans*, 866 A.2d 442, 442-43 (Pa. Super. 2005) (stating that a motion for reconsideration or modification of sentence was required to be examined under the PCRA). Furthermore, because the February 2017 request for relief would be Barnette's first PCRA petition, the mandatory appointment of counsel is implicated.

Pennsylvania Rule of Criminal Procedure 904(C) provides, in pertinent part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added); *see also Commonwealth v. Henkel*, 90 A.3d 16, 22-23 (Pa. Super. 2014) (*en banc*) (applying Rule 904(C) and collecting cases); *Commonwealth v. Padden*, 783 A.2d 299, 308 (Pa. Super. 2001) (stating that "[i]t is abundantly clear that a first-time *pro se* PCRA petitioner is entitled to the benefit of the assistance of counsel to help identify and properly present potentially meritorious issues for the trial court's consideration.").

Thus, Barnette, who appears to be an indigent petitioner,[6] would be entitled to the appointment of counsel to represent him throughout the post-conviction collateral proceedings, including any appeal from the disposition of his first PCRA petition. **See** Pa.R.Crim.P. 904(C), (F)(2). Accordingly, we must vacate the trial court's Order and remand for the appointment of PCRA counsel, or a **Grazier**[7] hearing if Barnette wishes to proceed *pro se* during the collateral proceedings.

Order vacated; case remanded for further proceedings in accordance with this Memorandum; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2018

---

[6] **See Commonwealth v. Stossel**, 17 A.3d 1286, 1288 n.3 (Pa. Super. 2011) (stating that this Court cannot determine whether a defendant is indigent and that the PCRA court must address this question in the first instance).

[7] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).