**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDREW D. SIKORA | |
| Appellant | No. 1281 WDA 2017 |

Appeal from the Judgment of Sentence imposed December 9, 2016
In the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000630-2015

BEFORE:  BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 16, 2018**

Appellant, Andrew D. Sikora, is appealing from the judgment of sentence imposed on December 9, 2016 by the Court of Common Pleas of Jefferson County.[1]  Appellant challenges the August 9, 2017 denial of his *pro se* post-sentence motion for reconsideration.  For the reasons stated below, we vacate the August 9, 2017 order as well as the order entered May 4, 2017, granting Appellant's *pro se* motion to dismiss his petition for post-conviction relief.

---

[1] Appellant purports to appeal from the order denying his post-sentence motion for reconsideration.  Appellant's Brief at 3.  It is well established, however, that in a criminal action an appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.  ***See***, ***e.g.***, ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001).

The procedural history of the case can be summarized as follows. On September 7, 2016, Appellant entered into a guilty plea to one count of corrupt organizations, one count of dealing in proceeds of unlawful activity, nine counts of possession with intent to manufacture or deliver a controlled substance ("PWID"), and one count of conspiracy to commit PWID. In exchange, additional counts charging conspiracy to commit corrupt organizations and conspiracy to commit PWID were *nolle prossed*. On December 9, 2016, the trial court imposed, *inter alia*, an aggregate sentence of 48 to 120 months in prison.

Appellant did not file a direct appeal. On April 21, 2017, Appellant filed a petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On April 26, 2017, counsel was appointed to represent Appellant in the proceedings.[2] On May 1, 2017, Appellant moved *pro se* to withdraw his PCRA petition, which the court granted on May 4, 2017.[3]

On August 9, 2017, Appellant filed *pro se* a motion for reconsideration of sentence *nunc pro tunc*, which the court denied the same day. As noted, in this appeal, Appellant is challenging the August 9, 2017 order denying his motion for reconsideration.

There are several problems with the instant appeal.

---

[2] Said counsel is still noted as counsel of record for Appellant.

[3] Appellant's *pro se* motion to withdraw his first PCRA petition reads as follows: "I just wanted a consideration of a sentence reduction not a mess. Sorry." Motion to Withdraw PCRA Petition, 5/1/17.

Pursuant to Pa.R.Crim.P. 576(A)(4), "[w]hen a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." **Williams**, 151 A.3d 621, 623 (Pa. Super. 2016). The record shows this procedure was not followed here. Indeed, Appellant's *pro se* motions for withdrawing his first PCRA petition <u>and</u> for reconsideration of sentence were <u>not</u> forwarded to counsel of record.

There are, however, additional consequences resulting from the failure to comply with Rule 576. As this Court explained in **Williams**, "[H]ybrid representation is not permitted. Accordingly, this Court will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities." **Id.** at 623 (citations omitted). Therefore, under the circumstances, Appellant's *pro se* motions—both the motion to withdraw his PCRA petition and the motion for reconsideration of sentence—were a legal nullity. Yet, the court acted on them.

Without question, Appellant was entitled to counsel on his first timely PCRA petition,[4] unless, based upon a *Grazier*[5] hearing, the court determined that Appellant properly waived his right to counsel. In ***Commonwealth v. Robinson***, 970 A.2d 455 (Pa. Super. 2009) (*en banc*), we noted:

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

***Id.*** at 458-59.

The PCRA court permitted Appellant to proceed *pro se* on his motion to withdraw his first PCRA petition despite the fact Appellant still was represented by counsel, and without holding a *Grazier* hearing. While the court below might have found it unnecessary, there is no support in the law for not holding a *Grazier* hearing under the circumstances.

---

[4] ***See*** Rule of Criminal Procedure 904(C): "Except as provided in paragraph (H) [pertaining to death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C).

[5] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

> Regardless of how unambiguous a defendant's [desire to proceed *pro se*] may be, without a colloquy the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training. Thus, a defendant cannot knowingly, voluntarily, and intelligently waive counsel until informed of the full ramifications associated with self-representation.

**Robinson**, 970 A.2d at 460 (citation omitted).

Indeed, the need for a **Grazier** hearing was readily apparent from the explanation given by Appellant in his *pro se* motion to withdraw his first PCRA petition. Again, in that motion, Appellant stated that he merely wanted to seek reconsideration of sentence, not file a PCRA petition.[6] The court should have recognized that any request for reconsideration of sentence eight months after imposition of Appellant's sentence was untimely,[7] that the only way for Appellant to challenge his guilty plea was through a PCRA petition,[8] and that Appellant's proposed filing of a motion for reconsideration would have required treatment under the PCRA anyway.[9] While we are not suggesting that the PCRA court should have counseled Appellant against his plan of

---

[6] **See** n. 3, *supra.*

[7] **See**, **e.g.**, **Commonwealth v. Devres**, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*) (absent timely filed post-sentence motion, the imposition of sentence remains the triggering date for an appeal).

[8] **See**, **e.g.**, **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001) (treating appellant's *pro se* motion challenging his guilty plea as PCRA petition "regardless of the manner in which the petition is titled").

[9] **See, e.g.**, **Commonwealth v. Evans**, 866 A.2d 442 (Pa. Super. 2005) (concluding motion for reconsideration or modification of sentence required treatment under the PCRA).

action, the court should not have granted his *pro se* request to withdraw his first PCRA petition without hearing from counsel of record and without holding a **Grazier** hearing to determine, as required by law, whether Appellant fully understood the consequences of proceeding *pro se*.

As importantly and as noted above, in criminal cases, appeals lie from the judgment of sentence, not from the order denying the motion for reconsideration. **See**, **e.g.**, **Shamberger**, **supra**. Post-sentence motions must be filed within ten days of imposition of sentence. **See** Pa.R.Crim.P. 720(A)(1). Absent a timely filed post-sentence motion, the imposition of sentence remains the triggering date for an appeal. **See Devres**, 839 A.2d at 1127. If no timely post-sentence motion is filed, an appellant has 30 days to file an appeal. Absent circumstances not present here,[10] appeals filed beyond this deadline are quashed. **Id.**

Here, Appellant filed his *pro se* motion for reconsideration on August 9, 2017, eight months after the imposition of his sentence. The motion is therefore patently untimely. Appellant, aware of the timeliness issue, captioned the post-sentence motion as "nunc pro tunc," alleging "newly

---

[10] **See**, **e.g.**, **Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (declining to quash an untimely appeal where the untimeliness was attributable to the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation).

discovered information."[11]   The court accepted the filing despite its patent untimeliness and despite Appellant's lack of explanation for the tardiness of the filing.  The court then denied the motion without explanation.  The court erred in entertaining the untimely motion because it had no jurisdiction to do so. ***Devres***, ***supra***.

In conclusion, the court should not have allowed Appellant to proceed *pro se* without obtaining a proper waiver of his right to counsel and should not have countenanced hybrid representation.   Because the court erred in doing so, we vacate the August 9, 2017 order denying Appellant's post-sentence motion for consideration as well as the May 4, 2016 order granting Appellant's *pro se* motion to withdraw his first PCRA petition, and remand for a full waiver colloquy.  As a result of us vacating the above orders, this matter goes back to its status as of April 26, 2016, at which time Appellant had been just appointed counsel on the PCRA petition.

Orders vacated.  Case remanded with instruction to conduct a colloquy in accordance with ***Grazier.***  Jurisdiction relinquished.

---

[11] In his post-sentence motion, Appellant challenged the facts the Commonwealth relied on for purposes of Appellant's guilty plea on the criminal conspiracy charge.   According to Appellant, the "newly discovered information" proved that he was part of the conspiracy only from August 2015 through November 2015.  Appellant provided no explanation as to when he discovered the "new information," or what prevented him from discovering it earlier.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/2018