J-S04040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARK W. LYNCH | : | |
| | : | |
| Appellant | : | No. 1071 MDA 2018 |

Appeal from the PCRA Order Entered May 29, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002237-1999

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:　　　　　　**FILED FEBRUARY 05, 2019**

Appellant Mark W. Lynch appeals from the Order entered in the Court of Common Pleas of Dauphin County on May 29, 2018, denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] We affirm.

In a published Opinion filed on March 19, 2003, a panel of this Court set forth the relevant factual and procedural history herein as follows:

> On May 17, 1999, while highly intoxicated, [Appellant] drove north in the south-bound lanes of Interstate 83 in Harrisburg and collided head-on with James E. Dorothy. Dorothy did not survive the accident. [Appellant] was charged with and pled guilty to homicide by vehicle while driving under the influence, homicide by vehicle, involuntary manslaughter, and driving under the influence of alcohol or controlled substance,[4] as well as Motor Vehicle Code violations.[5]
> The trial court sentenced [Appellant] to five to ten years of imprisonment on the homicide by vehicle while DUI charge, a consecutive term of two to five years of imprisonment on involuntary manslaughter, and no further penalty on the other

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

\* Former Justice specially assigned to the Superior Court.

counts.[6] The trial court *sua sponte* vacated the sentence as an illegal sentence, holding that the involuntary manslaughter charge merged for purposes of sentencing. However, the Commonwealth moved for reconsideration arguing that involuntary manslaughter did not merge. The trial court granted the motion and reinstated the original sentence.

Eleven months later, [Appellant] filed a *pro se* motion to enforce a plea agreement, which the trial court treated as a PCRA petition. Counsel was appointed, who filed a supplemental PCRA petition. That petition raised the following issues: whether he should have been allowed to withdraw his guilty plea because trial counsel unlawfully induced him to plead guilty when the plea agreement was illusory, or in the alternative, that counsel unlawfully induced his guilty plea when no plea agreement existed. In addition, assuming *arguendo* a plea agreement existed, [Appellant] asserted that the Commonwealth's attorney had violated the agreement by having the victim's family testify and make sentencing recommendations.

After a hearing, the PCRA court denied the petition, finding as facts that no plea agreement existed, that trial counsel did not rely on an illusory promise, and that trial counsel made no unwarranted statements to Lynch. Agreeing with the Commonwealth that the guilty plea subsection controlled, the court found no ineffectiveness because [Appellant] admitted that he never intended to conceal his guilt. The trial court further held that the Commonwealth did not breach the purported agreement in any way; it merely informed the trial court of the means to impose the intended sentence. . . .

---

[4] These offenses are codified respectively at 75 Pa.C.S.A. § 3735(a), 75 Pa.C.S.A. § 3732, 18 Pa.C.S.A. § 2504(a), 75 Pa.C.S.A. § 3731(a)(1), (4)(i).

[5] Specifically, he was charged with careless driving, 75 Pa.C.S.A. § 3714, reckless driving, 75 Pa.C.S.A. § 3736(a), one-way roadways and rotary traffic islands, driving on one-way roadway, 75 Pa.C.S.A. § 3308(b), driving on roadways laned for traffic, driving within single lane, 75 Pa.C.S.A. § 3309(1), and driving on divided highways, 75 Pa.C.S.A. § 3311(a).

[6] The trial court also suspended [Appellant's] driving privileges for life and imposed over $19,000 in restitution.

***Commonwealth v. Lynch***, 820 A.2d 728, 730–31 (Pa.Super. 2003), *appeal denied*, 575 Pa. 692, 835 A.2d 709 (2003). Appellant did not seek discretionary review in the Supreme Court of the United States.

On March 14, 2016, Appellant filed a Petition for Court Review requesting that the trial court remove the lifetime suspension of his driver's license, which the trial court denied on July 1, 2016. On November 9, 2017, Appellant filed a Motion to Modify Sentencing Order wherein he challenged the legality of his sentence and again sought to address the trial court's imposition of the lifetime license suspension in 2009. The trial court construed this motion as a request for relief under the PCRA.[2] The trial court filed a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907, and Appellant filed a response thereto on March 20, 2018. The trial court ultimately dismissed Appellant's petition as untimely on May 29, 2018, and Appellant filed a timely notice of Appeal on June 25, 2018.

Appellant presents three issues for our review:

A. Whether or not the Honorable Trial Court erred or abused its discretion when it failed to use its inherent powers to correct its own Order that was obviously and patently in error after [Appellant] brought this issue to the Trial Court's attention?

B. Whether or not the Honorable Trial Court erred or abused its discretion when it treated [Appellant's] Motion to Modify Illegal Sentence as an untimely PCRA Petition?

_____

[2] As we shall discuss in more detail, *infra*, we likewise will treat Appellant's motion as a PCRA petition.

C. Whether or not the Superior Court should modify the Trial Court's Original Order *sua sponte* because the Original Order is illegal on its face?

Appellant's Brief at 4.

We first must analyze Appellant's second issue wherein he challenges the judicial determination of whether a post-conviction filing should be considered a PCRA petition.  In doing, so we are mindful that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition if it raises any sort of claim that is cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2); **Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011) *appeal denied*, 616 Pa. 634, 47 A.3d 845 (2012).  More specifically, the **Jackson** Court held that an appellant's "'motion to correct illegal sentence' is a petition for relief under the PCRA." **Id**. at 521 (citation omitted). As this Court has explained:

> It is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition. However, a petition raising a claim for which the PCRA does not offer a remedy will not be considered a PCRA petition. Thus, the question then becomes whether petitioner had an available remedy under the PCRA.

**Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa.Super. 2001) (citations omitted).

The cases in which this Court has construed a post-conviction petition or motion to be a PCRA petition for which the PCRA could provide redress involved the types of issues Appellant presents herein. **See Commonwealth**

***v. Guthrie***, 749 A.2d 502, 503 (Pa.Super. 2000) (holding appellant's "motion to correct illegal sentence" must be treated as PCRA petition) ***see also Commonwealth v. Evans***, 866 A.2d 442, 444 (Pa. Super. 2005) (motion for reconsideration or modification of sentence should be treated as PCRA petition); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa.Super. 2002) (motion to vacate sentence qualified as a PCRA petition). Thus, Appellant's "Motion to Modify Sentencing Order" is a petition for relief under the PCRA and the fact that Appellant has attempted to frame his petition as a "Motion to Modify Sentencing Order" does not change the applicability of the PCRA. ***Guthrie***, *supra*.

Before we may address the merits of Appellant's remaining issues, we must begin by examining the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 593 Pa. 382, 388, 930 A.2d 1264, 1267 (2007). "The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Herein, Appellant's judgment of sentence became final on or about February 14, 2004, when the period of time to seek *certiorari* in the United States Supreme Court expired.  ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** U.S.Sup.Ct.R. 13.1. Thus, Appellant had until February 14, 2005, to file a timely PCRA petition. The instant PCRA petition filed over a decade later on November 6, 2017, is facially untimely under the PCRA.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Without reference to any authority, Appellant maintains that the trial court's lifetime suspension of his driver's license for life, which he was aware of in 2009, was illegal. He further posits that an appellant never relinquishes his right to cure an illegal sentence and a trial court never loses its ability from exercising its "inherent power" to correct an illegal sentence, even where the time-period for filing a timely appeal has expired. Appellant's Brief at 8. Notwithstanding, Appellant also admits that:

> . . . the [PCRA] fails to provide [Appellant] with any avenue for redress of his illegal sentence. At no point has [Appellant] attempted to address the illegality of his sentence because he cannot meet the requirements of the Act to provide the trial court with jurisdiction over his case. [Appellant] cannot meet any of the exceptions to the timeliness of his Motion.
>
> As a consequence, [Appellant] did not attempt to obtain relief from the Trial Court through the Post-Conviction Relief Act. Instead, he sought to utilize the inherent powers of the trial court to modify its obviously and patently illegal Order. As discussed in the foregoing section of this brief, the trial court has the power to correct its obviously and patently illegal order and [Appellant] sought to utilize this power to fix its error.

Appellant's Brief at 18.

Appellant's claims are premised on the mistaken belief that the trial court's "inherent powers" to consider issues on appeal are separate and apart from the timeliness requirements of the PCRA. While it is true that a challenge to the legality of one's sentence cannot be waived, *see, e.g.*, *Commonwealth v. Dickson*, 591 Pa. 364, 371, 918 A.2d 95, 99 (2007), it is axiomatic that such claims still must be presented in a timely-filed PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super.

2014) (explaining that "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.") (citation and quotation marks omitted); **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) ("[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely[-filed] PCRA petition.") (citation omitted). As the Pennsylvania Supreme Court recently clarified:

> We are cognizant that Section 9543 specifically delineates the availability of relief and includes relief from "[t]he imposition of a sentence greater than the lawful maximum[;]" or "[a] proceeding in a tribunal without jurisdiction." *Id.* § 9543(vii), (viii). However, the traditional view of sentence illegality claims was limited to either a sentence that exceeded that statutory maximum or one imposed by a court lacking jurisdiction. *See Foster*, 17 A.3d at 349 (Castille, C.J. concurring); *id.* at 356 (Eakin, J. concurring). In **Barnes**, this Court adopted a test to determine whether a sentencing claim is illegal, thereby expanding the concept of illegal sentencing. **See Barnes**, 151 A.3d at 127.
>
> That the PCRA speaks to addressing illegal sentences and specifically sentences exceeding the lawful maximum or imposed by a court without jurisdiction, does not preclude [appellant] from obtaining relief from his unquestionably illegal sentence, as the "**legality of the sentence is always subject to review within the PCRA**" where, as here, the petition is timely. *Fahy*, **737 A.2d at 223 (Pa. 1999); *accord* 42 Pa.C.S. § 9542**. Because [appellant's] sentence was rendered illegal before his judgment of sentence became final **and he presented his claim in a timely petition for post conviction relief**, he is entitled to have his illegal sentence remedied.

**Commonwealth v. DiMatteo**, \_\_\_ Pa. \_\_\_\_, 177 A.3d 182, 192 (2018) (emphasis added).

In light of the foregoing, the trial court properly concluded Appellant was not entitled to relief under the PCRA on his illegality of sentence claim presented in his untimely-filed PCRA petition. Since Appellant makes no attempt to plead and prove any other timeliness exception to the PCRA time-bar, we discern no error in the PCRA court's decision to deny his untimely petition and conclude that we are without jurisdiction to offer Appellant any form of relief. *See Jackson*, 30 A.3d at 523.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/05/2019

---

[3] In his brief, Appellant relates that on October 16, 2009, he received correspondence from the Pennsylvania Department of Transportation indicating that his driving privileges were suspended for an indefinite period of time and that prior to February of 2015, he attempted to reinstate his driver's license. Brief for Appellant at 7. The Department of Transportation responded by correspondence dated February 20, 2015, that Appellant would be ineligible to have his license reinstated until the Dauphin County Court of Common Pleas removes his lifetime suspension. *Id*. Even if Appellant were to have asserted that his issues fall under the after-discovered evidence exception to the PCRA time bar in light of these allegations, 42 Pa.C.S.A. § 9545(b)(1)(ii), Appellant would have had sixty days thereafter to invoke that exception, which he did not do, for the instant Petition was not filed until November 9, 2017. Thus, we would still find his petition to be untimely.