COMMONWEALTH of Pennsylvania,
Appellee,

v.

**James EVANS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 27, 2004.

Filed Jan. 6, 2005.

James Evans, appellant, Pro Se.

David Tulowitzki, Asst. Dist. Atty., Ebensburg, for Com., appellee.

BEFORE: LALLY–GREEN, KLEIN, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 James Evans appeals *pro se* the trial court's denial of his *pro se* motion styled Permission to File Nunc Pro Tunc Motion for Reconsideration or Modification of Sentence. He raises a single question: "Whether the trial court erred [in] departing from the sentencing procedure man-

dated in Pa. Rules of Criminal Procedure 704(C)(2) by not stating, on the record, the reason(s) for its decision underlying the sentence imposed." Brief for Appellant at 4. First, we find that Evans's submission, by whatever name, required treatment as a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46. Second, we find that Evans was not appointed counsel as required under the PCRA. Accordingly, we do not reach the merits of his various arguments. Instead, we vacate the trial court's order denying Evans's PCRA petition and remand for the appointment of counsel and further proceedings pursuant to the PCRA.

¶ 2 The trial court's succinct account of the facts underlying Evans's guilty plea will suffice.

On July 16, 2002, [Evans] entered a negotiated guilty plea to unauthorized use of automobiles[,] two counts of simple assault, escape, resisting arrest, two counts of reckless endangerment, driving under license suspension, DUI related, and violation of the Controlled Substances Act. On September 5, 2002, [Evans] was sentenced to an aggregate term of 54 months['] to 192 months['] incarceration. Defendant filed an appeal of this sentence to the Pennsylvania Superior Court. By Memorandum issued May 28, 2003, the Superior Court affirmed the judgment of sentence of this Court. On February 5, 2004, Defendant filed with this Court a motion for Permission to File Nunc Pro Tunc Motion for Reconsideration or Modification of Sentence. By Court Order dated February 18, 2004, this Court denied Defendant's motion. As stated above, Defendant has now filed an appeal of this Court Order to the Pennsylvania Superior Court.

Trial Court Opinion, 3/15/04, at 1–2. The parties do not dispute that Evans's appeal of the trial court's denial was timely filed on March 8, 2004.

¶ 3 We begin by addressing the status of Evans's *pro se* submissions to this Court, which, in addition to the initial Brief (6/23/04), include a Reply Brief (8/10/04) and a Supplemental Letter Brief (8/16/04) that this Court granted Evans leave to file, in which he argued that the United States Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), invalidated his underlying sentence. The PCRA provides that "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542. In *Commonwealth v. Hockenberry*, 455 Pa.Super. 626, 689 A.2d 283, *appeal denied*, 548 Pa. 645, 695 A.2d 784 (1997), we faced a very similar situation. In that case, appellant filed *pro se* a "Motion for Reduction/Modification of Sentence to Correct Illegal Sentence." *Id.* at 287. We noted, at the outset, that a motion to modify sentence must be filed within ten days and an appeal from a sentence must be filed within thirty days. *See id.* at 288. In *Hockenberry*, however, appellant filed his motion more than nine months after sentence was imposed. *See id.* Noting that the issues of sentence legality raised by appellant were cognizable under the PCRA and cannot be waived, this Court "ignore[d] the untimeliness of appellant's motion 'to modify' his sentence and treat[ed] it as a PCRA petition relating to the legality of sentence." *Id.; see also Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa.Super.2001) (treating appellant's *pro se* motion challenging guilty plea as PCRA petition "regardless of the manner in which the petition is titled"); *Commonwealth v. Guthrie*, 749 A.2d 502, 503

(Pa.Super.2000) (noting this Court's approval of the trial court's determination that the appellant's "motion to correct illegal sentence" must be treated as a PCRA petition). Without considering the particular merits of Evans's assertions, which for reasons addressed *infra* are beyond our purview in the instant case, the material assertions taken in isolation include claims that the trial judge failed to honor the negotiated plea agreement and that Evans was induced to plead guilty under a misapprehension of the consequences of that plea. Brief for Appellant at 8–10. As well, Evans' argument from *Blakely* that his sentence was in fact unconstitutional, *see generally* Appellant Supplemental Letter Brief, surely states in the first instance a basis for a finding that his sentence is illegal. Accordingly, we treat Evans's motion as a PCRA petition.

¶ 4 This necessary conclusion, however, implicates a long line of Pennsylvania precedent requiring unequivocally that prisoners seeking post-conviction relief by whatever name be afforded the assistance of counsel. *See Commonwealth v. Smith,* 572 Pa. 572, 818 A.2d 494, 498 (2003) ("[T]he rules of criminal procedure require the appointment of counsel in PCRA proceedings."); *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693, 699 (1999) ("The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel."); *Kutnyak,* 781 A.2d at 1262 (holding that appellant is entitled to representation of counsel on first PCRA petition "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented"); *Guthrie,* 749 A.2d at 504 (remanding for appointment of counsel); *Commonwealth v. Quail,* 729 A.2d 571, 573 (Pa.Super.1999) (same); *Commonwealth v. Ferguson,* 722 A.2d 177, 180 (Pa.Super.1998) (same). These holdings follow from the mandatory language contained in Pa.R.Crim.P. 904, formerly

Pa.R.Crim.P. 1504. The rule provides, in relevant part:

**Rule 904.  Entry of Appearance and Appointment of Counsel;  *In Forma Pauperis***

\* \* \* \*

(B) [W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, ***the judge shall appoint counsel*** to represent the defendant on the defendant's first petition for post-conviction collateral relief.

The Comment to Rule 904 reinforces the rule's mandatory language, adding "that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel." Pa.R.Crim.P. 904, cmt.; *see Smith,* 818 A.2d at 498; *Albrecht,* 720 A.2d at 699; *Guthrie,* 749 A.2d at 504.

¶ 5 Our analysis focuses on three apposite cases. In *Guthrie,* appellant pleaded guilty and was sentenced for statutory rape. *See* 749 A.2d at 503. More than three years after sentencing, appellant filed a "motion to correct illegal sentence." *See id.* The trial court denied the petition on the basis that its untimeliness divested the court of jurisdiction. *See id.* After applauding the trial court's recognition that the underlying petition was, in effect, a PCRA petition, we noted that the PCRA's time limits applied even to challenges to the legality of a sentence. *See id.* Next, we noted that, in fact, appellant raised issues concerning the discretionary aspects of his sentence, not its illegality, and did so in a motion untimely filed under the PCRA. *See id.* at 504.

¶ 6 Notwithstanding that challenges to discretionary aspects of sentence are not

cognizable under the PCRA, however, we cited *Ferguson* as requiring a remand for the appointment of counsel. We interpreted that case as holding:

[W]here an indigent PCRA petitioner requests the appointment of counsel for assistance in the preparation of a first petition pursuant to the PCRA, *counsel must be appointed despite the apparent untimeliness of the petition.* That court decided that an indigent petitioner is entitled to assistance of counsel in determining whether his petition is timely, and if not, whether circumstances exist which except the case from the ordinary timeliness requirements.

*Id.* (emphasis added). Finally, and crucially, we noted that in *Ferguson* the petitioner plainly had requested the appointment of counsel, while in *Guthrie* there was no indication in the record that appellant had sought appointment of counsel. *See id.* Noting that Rule 1504 "does not require that a request for appointment of counsel be made," we held that even in the absence of an explicit request "appointment of counsel remains the proper result." *Id.* (citing the Comment to Rule 1504, which is substantially identical to the above-cited Comment to Rule 904). Noting the PCRA court's previous finding that appellant was indigent, this Court remanded the case to that court for appointment of counsel.

¶ 7 In *Kutnyak*, this Court reached a similar result. In that case, appellant filed a *pro se* PCRA petition, styled a "Notice of Post–Sentence Motion Challenging Validity of Guilty Plea to Permit Withdrawal, *Nunc Pro Tunc*," with the trial court, which denied relief without appointing counsel. *See Kutnyak*, 781 A.2d at 1260–61. After noting our agreement with the trial court that the petition was properly considered a first PCRA petition, we rejected the trial court's assertion that appellant was in error for failing to utilize

the standard PCRA form for *pro se* petitioners. *See id.* at 1261. Finally, following *Guthrie*, we rejected any suggestion that it was within this Court's purview to consider *in any way* the merits of the PCRA petition prior to the appointment of counsel in the PCRA court.

The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel. The PCRA court may not first evaluate the merits of the petition, as was done in this case, and then deny the appointment of counsel because the petition lacks merit. *To do so undermines the very purpose of appointing counsel and thwarts the intent of the Legislature in providing counsel to indigent petitioners in collateral proceedings.* The issue of whether the petitioner is entitled to relief is another matter entirely, which is to be determined after the appointment of counsel and the opportunity to file an amended petition.

*Therefore, as this is Appellant's first PCRA petition, he is entitled to counsel to represent him despite any apparent untimeliness of the petition or the apparent noncognizability of the claims presented.*

*Id.* at 1262 (emphasis added). This holding, stated in unqualified terms, is sufficient to refute the Commonwealth's sole comment on the appointment of counsel, which asserts that remand for appointment of counsel is appropriate only where the *pro se* petitioner seeks relief on bases cognizable by the PCRA. Brief for Appellee at 10 n. 3. In fact, both *Guthrie* and *Kutnyak* hold that we will not hold an indigent *pro se* petitioner responsible for presenting a cognizable claim for relief until, pursuant to Rule 904(a), petitioner has been given the opportunity to be represented by appointed counsel.

¶ 8 Furthermore, we are not required to consider, nor shall we, whether Evans seeks appointed counsel or is indigent. In *Quail*, as in *Guthrie*, we made clear that such questions should be addressed by the PCRA court in the first instance. In *Quail*, petitioner was represented during the PCRA court's consideration and denial of his PCRA petition, but "for whatever reason" counsel did not file an appeal of that denial. *See* 729 A.2d at 572. PCRA counsel neither entered an appearance nor was granted leave to withdraw, but petitioner filed *pro se* an appeal of the PCRA court's adverse ruling. *See id.* Even where petitioner had representation during the submission and presentations relating to the petition in the PCRA court, this Court found that the situation required a remand for appointment of new counsel. *See id.* Even though the state of the record rendered this Court "unable to determine whether appellant [was] proceeding *pro se* of his own accord or because of counsel's refusal to file an appeal on his behalf," we remanded the case. *Id.* at 573 n. 1. Unsure "whether appointment of new counsel [was] necessary or even advisable," we left that determination "for the PCRA court." *Id.* at 573 n. 1.

¶ 9 We note in passing that while the precise question raised before us, as the question raised in *Guthrie* and *Kutnyak*, has not been addressed directly by our Supreme Court, that Court nevertheless rejected the Commonwealth's direct attack of *Ferguson* and progeny, including the above-analyzed cases. *See Smith*, 818 A.2d at 500. There, the Court distinguished a case rejecting an untimely PCRA petition for want of jurisdiction because no question of counsel had been raised. *See id.* Agreeing that a court cannot reach the merits of an untimely petition, the Supreme Court nevertheless asserted "an indigent petitioner's entitlement to the assistance of counsel in at-tempting to plead and prove that an exception to the one-year time requirement applies." *Id.* Finally, the Court stated unequivocally that it "agree[d] with the decisions of the Superior Court in its *Ferguson* line of cases, and conclude[d] that Rule 904 mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel . . . ." *Id.* at 500–01. Its approval of the "*Ferguson* line of cases," moreover, plainly included *Guthrie* and *Kutnyak*, both of which it cited in its analysis. *See id.* at 500.

¶ 10 The above analysis makes clear that an indigent petitioner seeking relief under the PCRA is entitled to the mandatory appointment of counsel. While this entitlement may be waived, petitioner may do so only after addressing his entitlement to appointed counsel with the PCRA court. *See* Pa.R.Crim.P. 904, cmt.; *Quail*, 729 A.2d at 573 & n. 1; *cf. Commonwealth v. Murray*, 836 A.2d 956, 965 (2003) (Joyce, J., dissenting) ("Before the PCRA court may permit a defendant to proceed *pro se*, the PCRA court should conduct an on-the-record determination that the waiver is a knowing, intelligent and voluntary one.").

¶ 11 Finally, while the record does not conclusively disclose whether Evans is indigent, we leave it to the PCRA court to inquire into this matter. We note that Evans signed an *In Forma Pauperis* statement under penalty of perjury, which was filed on October 27, 2003. Furthermore, at trial and on appeal, Evans was represented by appointed counsel due to his indigence. Since that time he has been incarcerated. In any event, the law places the onus on the PCRA court to assess this matter in the first instance. *See Quail*, 729 A.2d at 573 n. 1 (leaving it to the PCRA court to determine whether appointment of counsel was "necessary or even advisable").

¶ 12 For all the foregoing reasons, we have no choice but to vacate the trial court's order denying Evans's motion seeking collateral review. We remand the case for the appointment of counsel (should Evans be adjudged indigent) and further proceedings under the PCRA consistent with this Opinion.

¶ 13 Order **VACATED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**