J-S73024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTIAN SCOTT IVERSON | |
| Appellant | No. 338 WDA 2016 |

Appeal from the PCRA Order December 30, 2015
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000194-2007

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 15, 2016**

Christian Scott Iverson appeals *pro se* from the order of the Court of Common Pleas of Warren County denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After review of the tortuous procedural history, set forth below, we have determined that this petition is Iverson's first following reinstatement of his direct appeal rights *nunc pro tunc*.  Thus, Iverson is entitled to appointment of counsel.  **See** Pa.R.Crim.P. 904(C), 904(F)(2).  Accordingly, we vacate and remand for appointment of counsel and further proceedings pursuant to the PCRA.

Iverson pled guilty to third-degree murder.  On February 29, 2008, the court sentenced Iverson to twenty (20) to forty (40) years' imprisonment. He did not file a direct appeal.  On June 23, 2008, Iverson filed a *pro se*

PCRA petition alleging trial counsel was ineffective for failing to pursue a "mental infirmities" defense. The PCRA court appointed counsel and, following a hearing, found counsel was ineffective. On September 3, 2009, the court reinstated Iverson's appellate rights *nunc pro tunc*. On direct appeal, this Court affirmed Iverson's judgment of sentence on November 23, 2010. *See Commonwealth v. Iverson*, 22 A.3d 1078 (Pa. Super. 2010) (unpublished memorandum). Iverson requested appellate counsel to file a petition for allowance of appeal in the Pennsylvania Supreme Court, but counsel did not do so. *See Commonwealth v. Iverson*, No. 1997 WDA 2011 (Pa. Super. 2012) (unpublished memorandum), at 2.

On June 13, 2011, Iverson filed a second PCRA petition, again alleging trial counsel was ineffective for failure to pursue the "mental infirmities" defense and that appellate counsel was ineffective for failure to petition the Supreme Court for allowance of appeal. On November 15, 2011, the PCRA court found appellate counsel was *per se* ineffective for failing to seek allowance of appeal. The PCRA court granted Iverson's petition, in part, **reinstating his direct appeal rights *nunc pro tunc*** to file a petition for allowance of appeal in the Pennsylvania Supreme Court.[1] The PCRA court also addressed the claim that counsel was ineffective for failing to pursue a

---

[1] The Supreme Court denied his petition on May 31, 2012. *See Commonwealth v. Iverson*, 47 A.3d 845 (Pa. 2012) (table).

mental infirmities defense, and, *contrary to law*, reached the merits and determined it was meritless.

In **Commonwealth v. Miller**, 868 A.2d 578 (Pa. Super. 2005), this Court stated that when a PCRA court grants a request for reinstatement of direct appeal rights *nunc pro tunc*, it may address, but not "reach the merits of any remaining claims." **Id.** at 580. The PCRA court "may inquire, but its inquiry cannot result in an appealable disposition." **Id.** Accordingly, the PCRA court's "disposition" of Iverson's additional ineffectiveness claim "was essentially advisory." **Id.** at 581. Nonetheless, Iverson appealed the November 15, 2011 order, and this Court affirmed on September 7, 2012.[2] Iverson filed a petition for allowance of appeal in the Supreme Court of Pennsylvania on October 4, 2012, which was denied on April 3, 2013.

Iverson filed this, his third PCRA petition, *pro se*, on October 7, 2015. The PCRA court dismissed the petition, concluding it was untimely and Iverson failed to plead and prove a timeliness exception. While the court is correct the petition is untimely, it incorrectly determined that judgment of sentence became final on December 23, 2010, when the time to appeal this Court's November 23, 2010 order to the Pennsylvania Supreme Court

---

[2] The panel noted that for purposes of the PCRA, a petition filed following a direct appeal *nunc pro tunc* will be deemed a timely, first PCRA petition, so long as it is filed within one year of the date on which the judgment of sentence becomes final. **See Commonwealth v. O'Bidos**, 849 A.2d 243, 252 n.3 (Pa. Super 2004).

expired.[3]  In fact, Iverson's judgment of sentence did not become final until August 29, 2012, upon expiration of the 90-day period in which Iverson could seek review in the United State Supreme Court following our Supreme Court's denial of allowance of appeal on May 31, 2012.  Thus, Iverson had until August 29, 2013 to file a timely PCRA petition.  Iverson filed this petition on October 7, 2015 and, therefore, it is patently untimely.  However, **since his judgment of sentence did not become final until August 29, 2012,** this is technically Iverson's **first** PCRA petition filed after his direct appellate rights were reinstated *nunc pro tunc* on November 15, 2011.  Therefore, he is entitled to counsel to represent him despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented.  **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001); *see also Commonwealth v. Evans*, 866 A.2d 442 (Pa. Super. 2005).

Order vacated.  Case remanded.  Jurisdiction relinquished.

---

[3] A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).  **See** Pa.R.A.P. 1113(a)("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior court sought to review."); U.S. Sup. Ct. Rule 13, 28 U.S.C.A ("[a] petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when filed with the Clerk within ninety days after entry of the order denying discretionary review.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016