J-S13027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY MILLER | |
| Appellant | No. 1403 EDA 2016 |

Appeal from the PCRA Order April 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001474-2008

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:                **FILED APRIL 06, 2017**

Larry Miller appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition as untimely under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  On March 9, 2009, Miller entered a negotiated guilty plea to third-degree murder[1] and possession of an instrument of crime.[2]  The Honorable George W. Overton sentenced Miller to an aggregate term of imprisonment of fifteen to thirty years.  Miller did not file a direct appeal.  On August 11, 2015, Miller filed his first PCRA petition, *pro se*, which the PCRA court dismissed as untimely.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

[2] 18 Pa.C.S.A. § 907(a).

Pennsylvania Rule of Criminal Procedure 904 states: "[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." The Comment to Rule 904 reinforces the rule's mandatory language, adding "that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel." Pa.R.Crim.P. 904, cmt.; *see Commonwealth v. Evans*, 866 A.2d 442 (Pa. Super. 2005).

Here, our review of the certified record reflects that Miller filed his first petition for PCRA relief acting *pro se*, averred a lack of resources to hire an attorney, and requested the PCRA court to appoint counsel to represent him. PCRA Petition, 8/11/15, at 7. Because the PCRA court did not appoint counsel to represent Miller in this first PCRA petition, we are constrained, regardless of the apparent untimeliness of the petition, to vacate the dismissal order. We remand this case to the PCRA court to appoint counsel to represent Miller (should Miller be adjudged indigent) and for further proceedings as are appropriate under the PCRA. Pa.R.Crim.P. 904(C); *Evans*, 866 A.2d at 444–46.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/2017