J-S20028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DANIEL KING WARREN | |
| Appellant | No. 2473 EDA 2016 |

Appeal from the Order July 1, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004032-2015

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

DISSENTING MEMORANDUM BY BOWES, J.  **FILED OCTOBER 06, 2017**

I believe that Appellant was improperly denied appointed counsel for purposes of his first PCRA petition.  I would vacate and remand, respectfully dissenting from the majority's decision herein.

Appellant pled guilty in this matter to criminal trespass and was sentenced on February 14, 2016.  On June 16, 2016, Appellant filed a *pro se* petition for writ of *habeas corpus* and a petition to proceed *in forma pauperis*. While the precise relief requested is difficult to ascertain, the petition relates to how credit for time served was awarded since the conviction herein resulted in revocation of parole or probation imposed in another matter.  Relief was denied without the appointment of counsel.

In my view, our decision in **Commonwealth v. Guthrie**, 749 A.2d 502 (Pa.Super. 2000), mandates reversal. Guthrie filed a motion to correct his sentence as illegal. It was dismissed as untimely under the PCRA without the appointment of counsel. We first noted that the petition in question had to be treated as a PCRA petition since the PCRA was the sole means by which a defendant could seek relief from his judgment of sentence after it becomes final. We re-affirmed that any petition filed outside the time frame for seeking direct appeal is considered a PCRA. We concluded that, even though the petition appeared facially untimely and even though Guthrie did not contend that his petition was improperly denied without the appointment of counsel, we had to reverse the dismissal of the petition. We concluded that a first-time PCRA petitioner was entitled to the appointment of counsel, and that deprivation of that right should be raised *sua sponte*. **Accord Commonwealth v. Stossed**, 17 A.3d 1286, 1290 (Pa.Super. 2011) ("where an indigent, first-time PCRA petitioner was denied his right to counsel . . . This Court is required to raise this error sua sponte[.]"); **Commonwealth v. Evans**, 866 A.2d 442 (Pa.Super. 2005); **see also Commonwealth v. Albrecht**, 720 A.2d 693 (Pa. 1998) (denial of PCRA relief cannot stand unless a defendant is afforded counsel for purposes of a first time PCRA).

Since the petition in question sought relief from the judgment of sentence imposed herein, Appellant should have been appointed counsel before it was denied. I would vacate and remand; hence, this dissent.