J-S60024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SHAQUILLE MCCORD, | : | |
| Appellant | : | No. 182 WDA 2017 |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001315-2012

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY DUBOW, J.:         **FILED NOVEMBER 29, 2017**

Appellant, Shaquille McCord, appeals *pro se* from the January 5, 2017 Order denying as untimely his first *pro se* Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  The PCRA court failed to appoint counsel as required by Pa.R.Crim.P. 904(C) and, therefore, we are constrained to vacate and remand for the appointment of PCRA counsel.

On September 3, 2013, the trial court sentenced Appellant to a term of seven to fourteen years' incarceration following his guilty plea to Attempted Criminal Homicide.  Appellant filed Post-Sentence Motions, which the trial court denied on September 12, 2013.  Appellant did not file a Notice of Appeal.

On December 13, 2016, Appellant filed the instant *pro se* PCRA Petition, his first, requesting the reinstatement of his appellate rights *nunc*

_____

\* Former Justice specially assigned to the Superior Court.

*pro tunc* due to ineffective assistance of counsel and violations of his constitutional rights. In his Petition, Appellant asserted that he is without the financial resources to obtain a lawyer and requested that the court appoint a lawyer to represent him. The PCRA court did not grant Appellant's request.

On December 13, 2016, the PCRA court issued notice of its intent to dismiss the PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907(1), stating that the Petition was untimely. On December 27, 2016, Appellant filed a *pro se* Response. On January 5, 2017, the PCRA court entered its Order dismissing Appellant's *pro se* PCRA Petition as untimely. Appellant filed a timely *pro se* Notice of Appeal.

Appellant concedes that his Petition was facially untimely, but avers that the PCRA court should have appointed counsel to aid Appellant in his attempt to establish an exception to the time-bar. Appellant's Brief at 6. We agree.

It is well-settled that indigent petitioners are entitled to representation by counsel for a first petition filed under the PCRA. **See** Pa.R.Crim.P. 904(C) (stating that when an unrepresented defendant is unable to afford counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for PCRA relief). "[T]he denial of PCRA relief to an indigent first-time petitioner cannot stand unless the petitioner was afforded the assistance of counsel." **Commonwealth v. Price**, 876 A.2d 988, 993 (Pa. Super. 2005) (citation and quotation omitted). Further, an indigent

first-time petitioner "is entitled to counsel to represent him despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented." **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001) (citation omitted). Finally, "we will not hold an indigent *pro se* petitioner responsible for presenting a cognizable claim for relief until, pursuant to Rule 904(a), petitioner has been given the opportunity to be represented by appointed counsel." **Commonwealth v. Evans**, 866 A.2d 442, 445 (Pa. Super. 2005).

For the foregoing reasons, we are constrained to vacate the PCRA court's Order denying Appellant's PCRA Petition as untimely. We remand this case for the court to appoint PCRA counsel pursuant to Pa.R.Crim.P. 904(C), and for further proceedings appropriate under the PCRA.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2017

- 3 -