J-S21012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUSTEN SMITH | |
| Appellant | No. 2368 EDA 2018 |

Appeal from the Order entered July 13, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0013326-2014,
CP-51-CR-0013328-2014

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED MAY 09, 2019**

Appellant, Justen Smith, appeals from the July 13, 2018 order entered in the Court of Common Pleas of Philadelphia County, denying his motion for reconsideration of sentence. Upon review, we vacate the order and remand for further proceedings.

Briefly, on May 2, 2016, Appellant entered a guilty plea to two counts of third-degree murder and other charges, all stemming from the murders of an elderly couple committed by Appellant and his co-defendant while they were at the couple's home to do yardwork. On the same day, the trial court imposed a negotiated aggregate sentence of 38 to 76 years in prison. Appellant did not file post-sentence motions or an appeal to this Court.

More than two years later, on June 11, 2018, Appellant filed a *pro se* petition for modification of his sentence. On June 19, 2018, the trial court denied Appellant's petition, noting it was untimely even if considered a petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.

On July 12, 2018, Appellant filed a *pro se* motion for reconsideration of sentence, claiming his sentence was illegal. By order entered on July 13, 2018, the trial court denied the motion, indicating it was also untimely, even if considered a PCRA petition. This timely appeal followed.

In an October 1, 2018 opinion, the trial court explained that Appellant's motion was patently untimely. However, citing **Commonwealth v. Evans**, 866 A.2d 442, 443-44 (Pa. Super. 2005), the court acknowledged that Appellant's motion challenging the legality of a sentence should have been treated as a PCRA petition. Opinion, 10/1/18, at 3. Further, the court recognized that a defendant filing a PCRA petition is entitled to assistance of counsel for a first PCRA petition. **Id.** (citing Pa.R.Crim.P. 904(C)). Therefore, the court requested that we vacate the court's July 13, 2018 order and remand for proceedings under the PCRA. **Id.**

The court noted that Appellant is eligible for court-appointed counsel and that it had appointed James F. Berardinelli, Esquire, to represent

Appellant.[1]  Attorney Berardinelli filed a brief on behalf of Appellant with this Court, contending that Appellant's motion for reconsideration should have been treated as a first PCRA petition for which counsel should have been appointed, and requesting that we remand for PCRA proceedings.  Appellant's Brief at 7-8.  The Commonwealth also filed a brief, indicating it "does not oppose a remand, wherein [Appellant] may be represented by counsel. Commonwealth Brief at 4.

As the comment to Rule 904 reflects, "[c]onsistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel." Pa.R.Crim.P. 904 (comment).  Therefore, we vacate the July 13, 2018 order

_____

[1] By way of background, Appellant was represented at his guilty plea hearing and at sentencing by Gerald A. Stein, Esquire.  Trial Court Opinion, 10/1/18, at 1.  As the trial court explained, on February 14, 2018, and again on June 11, 2018, Appellant filed motions to discharge Attorney Stein, claiming abandonment.  On June 20, 2018, the trial court denied the June 2018 motion as moot, because the time for direct appeal had expired and no other matter was pending before the court.  After Appellant filed his *pro se* notice of appeal with this Court, Attorney Stein moved to withdraw.  We granted the motion and directed the trial court to determine whether Appellant was eligible for court-appointed counsel.  The trial court determined Appellant was eligible and, ultimately, appointed Attorney Berardinelli to represent Appellant. ***See id.*** at 2-3.

dismissing Appellant's motion for reconsideration and we remand for further proceedings consistent with this Memorandum.[2]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/19

---

[2] In the event Attorney Berardinelli is unable or unwilling to represent Appellant in proceedings related to Appellant's first PCRA petition, the PCRA court shall appoint new counsel in accordance with Pa.R.Crim.P. 904(C).