J-S08020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN EUGENE RIGGS | : | |
| | : | |
| Appellant | : | No. 911 WDA 2019 |

Appeal from the PCRA Order Entered May 22, 2019
In the Court of Common Pleas of Somerset County Criminal Division
at No(s):  CP-56-CR-0000451-2015

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MARCH 10, 2020**

Ryan Eugene Riggs (Appellant) appeals from the order entered in the Somerset County Court of Common Pleas, denying his timely-filed Post Conviction Relief Act[1] petition, which alleged his prior counsel provided ineffective assistance.  We affirm.

In July of 2015, Appellant was charged with driving while under the influence[2] (DUI), recklessly endangering another person[3] (REAP), and other offenses.  The charges arose from a one-vehicle accident on October 27, 2013, in which Appellant was the driver with a passenger in his vehicle.  A

_____

[1] 42 Pa.C.S. §§ 9541-9545.

[2] 75 Pa.C.S. § 3802(a)(1).

[3] 18 Pa.C.S. § 2705.

breathalyzer administered shortly after the accident revealed Appellant had a blood alcohol content (BAC) level of 0.243%. **See generally** N.T. Plea Hearing, 4/12/16, at 4-5.

We review the somewhat protracted procedural history of this matter, as it pertains to Appellant's arguments on appeal. Appellant failed to appear for jury selection. Thus on March 7, 2016, the trial court revoked his bail and issued a bench warrant for his arrest. On March 23rd, Appellant filed a motion to reinstate bail.[4] This court granted the motion and directed that Appellant be released and placed on electronic monitoring. Order, 3/24/16.

On April 12, 2016, Appellant pleaded guilty to DUI — his third for sentencing purposes — and REAP. After this hearing, Appellant was released on bond with electronic monitoring. On April 28th, however, the trial court revoked bond because Appellant tested positive for marijuana use. Appellant was thereafter remanded to county prison.

Approximately one month later, on May 25, 2016, Appellant filed another motion to reinstate bail. On May 26th, the court conducted a bail hearing (bail hearing), denying Appellant's motion and ordering him to remain incarcerated pending sentencing. Pertinent to Appellant's claims on appeal, the court explained it was holding Appellant accountable for his conduct, including failing to appear for jury selection and violating the terms of his

---

[4] When Appellant was initially detained, he had moved for reinstatement of bail, but the trial court denied the request. Order, 3/17/16.

electronic monitoring. The court noted that it wished "to make this . . . painful for" Appellant so that the court may "never see [him] here again." N.T. Motions H'rg, 5/26/16, at 6-7. The court commented, "What I'm doing is . . . causing you to be able to avoid a future State prison sentence, because if you come back again, that's probably what is going to happen." *Id.* at 8.

This case proceeded to sentencing on June 16, 2016. The trial court imposed two months to two years' imprisonment for DUI, and a consecutive two years' probation for REAP. Pertinently, the court addressed Appellant:

> If you come back here again and get your parole and probation revoked because you have committed another offense or any other reason, I promise you I am going to send you to State Prison and there will be nothing anyone can do to convince me otherwise.
>
> . . . Keep that in the back of your mind. And I hope I don't see you again. I hope you successfully complete your parole and probation and this is the last time I'll see you in this courtroom.

N.T. Sentencing, 6/16/16, at 7. The court immediately paroled Appellant and ordered him, *inter alia*, to refrain from drug or alcohol use.

Eight days after sentencing, on June 24, 2016, the county probation department filed a petition to revoke Appellant's parole and probation. The petition averred that a breathalyzer, performed on Appellant one day earlier, indicated a BAC of 0.039%. Furthermore, Appellant admitted to, and a urinalysis confirmed, cocaine use.

The trial court conducted a violation of probation (VOP) hearing on August 3, 2016. Appellant stipulated to the allegations in the VOP petition, and the trial court revoked his parole and probation. The court imposed a new

sentence on Appellant's REAP conviction, of six months to two years' incarceration, to run consecutive to his original DUI sentence of two months to two years' incarceration. The aggregate sentence of eight months to four years' incarceration was to be served in state prison.

Appellant filed a timely post-sentence motion, alleging: (1) the sentence was excessive; and (2) the trial judge should have recused himself from the VOP sentencing due to the comments he made, regarding a potential state prison term, at the bail and sentencing hearings. The trial court denied the motion. Appellant did not take a direct appeal. We note Appellant was represented at all of the above proceedings by Joseph Policicchio, Esq. (Trial Counsel).

Appellant filed the underlying, timely *pro se* PCRA petition on December 22, 2016. There was almost no docket activity for the next 15 months. On March 22, 2018, an amended PCRA petition was filed by Appellant's present counsel, Chris Rand Eyster, Esquire.[5] This petition averred, *inter alia*, Trial Counsel was ineffective for failing to file a direct appeal.

Nine months thereafter, on December 19, 2018, Appellant's counsel filed a "Motion for Reconsideration of Sentence *Nunc Pro Tunc*." This motion

_____

[5] There was one docket entry between the December 22, 2016, *pro se* PCRA petition and March 22, 2018, counseled amended petition: a January 5, 2018 docket entry contained the trial court's notation, "Penalty Satisfied." Furthermore, while the trial docket does not include any entry of appearance by counsel, the PCRA court stated counsel was privately retained by Appellant. Order, 5/22/19, at 2.

"request[ed] reconsideration of [Appellant's] sentence *nunc pro tunc* based on" Trial Counsel's alleged ineffective assistance for, *inter alia*, failing to: (1) request a drug and alcohol evaluation in preparation for the VOP hearing; and (2) timely request recusal of the trial judge.[6] Appellant's Motion for Reconsideration of Sentence *Nunc Pro Tunc* at 2.

The PCRA court conducted a hearing on February 19, 2019. Appellant did not challenge the fact the court construed the claims in his "Motion for Reconsideration of Sentence *Nunc Pro Tunc*" as arising "under the PCRA umbrella." **See** N.T. PCRA H'rg, 2/19/19, at 23-24. The sole witness at the hearing was Appellant. Appellant's counsel informed the court that Trial Counsel would not appear, because he was retired and "out of the jurisdiction," Trial Counsel no longer had a case file and did not "remember exactly what happened," and Trial Counsel's "memory of what took place . . . is belied by the facts of the record." **Id.** at 3-4.

The PCRA court entered an order on May 22, 2019, denying relief. Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents one issue for our review:

_____

[6] The motion also stated the parties had appeared for a "short proceeding" on October 29, 2018, at which Appellant's counsel "requested a continuance to file additional pleadings" — which was granted — "and moved for bail," which was denied. Appellant's Motion for Reconsideration of Sentence *Nunc Pro Tunc*, 12/19/18, at 2.

- 5 -

> Whether the [PCRA] court erred in denying Appellant's PCRA petition and reconsideration of sentence?

Appellant's Brief at 2. We address his supporting arguments *seriatim*.

Appellant first claims the PCRA court "ignor[ed]" and "refused to act" on his *pro se* PCRA petition, in violation of Pa.R.Crim.P. 907 (PCRA judge shall promptly review PCRA petition). Appellant's Brief at 5 & n.1. No relief is due.

Appellant ignores that subsequent to filing his *pro se* petition, he retained counsel, who filed an amended PCRA petition and a "Motion for Reconsideration of Sentence *Nunc Pro Tunc*" on his behalf. The PCRA court properly conducted a hearing, and ruled on, the counseled filings. ***See Commonwealth v. Evans***, 866 A.2d 442, 444 (Pa. Super. 2005) (denial of first petition for PCRA relief cannot stand unless petitioner was afforded assistance of counsel). To the extent Appellant contends the PCRA court's ruling was tardy, we point out: (1) it was Appellant's counsel who, for unspecified reasons, filed an amended PCRA petition 15 months after the *pro se* petition; and (2) Appellant himself has acknowledged his counsel twice requested continuances for the PCRA hearing. ***See*** Appellant's Motion for Reconsideration of Sentence *Nunc Pro Tunc* at 2.

Next, Appellant contends the PCRA court "erroneously labeled" his "Motion for Reconsideration of Sentence *Nunc Pro Tunc*" as "a second PCRA petition, when clearly it was a continuation of the litigation relating to the first PCRA petition." Appellant's Brief at 6. This argument is frivolous.

First, Appellant's styling of the petition as a "Motion for Reconsideration of Sentence *Nunc Pro Tunc*" was mistaken, where: (1) he had already filed a PCRA petition, which remained pending; and (2) in any event, he had neither sought, nor was granted, any leave to file a post-sentence motion. **See** Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); **Commonwealth v. Wright**, 846 A.2d 730, 734 (Pa. Super. 2004) (for petition to file post-sentence motion *nunc pro tunc* to be granted, defendant must, within 30 days after imposition of sentence, demonstrate extraordinary circumstances which excuses tardiness; request for *nunc pro tunc relief* is separate and distinct from merits of underlying post-sentence motion). Second, despite the inaccurate title of the motion, the PCRA court properly construed it as a claim for relief under the PCRA.[7] **See** 42 Pa.C.S. § 9542 ("The [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); **Evans**, 866 A.2d at 442-44 (where defendant's motion for modification of sentence was filed after conclusion of 10-day post-sentence and 30-day appeal filing periods, motion was properly treated as PCRA petition). Finally, contrary to

---

[7] Furthermore, as stated above, Appellant did not object at the PCRA hearing when the court stated his "Motion for Reconsideration of Sentence *Nunc Pro Tunc*" came "under the PCRA umbrella." **See** N.T., 2/19/19, at 24.

Appellant's confounding claim, the PCRA court did treat Appellant's motion as an amendment to the counseled PCRA petition, conducted a hearing on it, and ruled on the merits. *See* Order, 5/22/16, at 1 (court treated Appellant's "Motion for Reconsideration of Sentence *Nunc Pro Tunc*" as his second amended petition pursuant to PCRA).

Next, Appellant asserts that where he has "serve[d] nearly 4 years in prison for a DUI offense," the PCRA court erred in not reconsidering his VOP sentence. Appellant's Brief at 3. In support, Appellant claims Trial Counsel was ineffective for: (1) failing to preserve a motion for the trial judge to recuse; (2) failing to request a drug and alcohol evaluation in preparation for the VOP hearing; and (3) ignoring his request to file a direct appeal from the VOP judgment of sentence. We likewise address these claims *seriatim*.

Preliminarily, we note Appellant's contention, that he has "serve[d] nearly 4 years in prison for a DUI offense," is mistaken. *See* Appellant's Brief at 3. Appellant's original, June 16, 2016, DUI-third conviction sentence — of 2 months to 2 years' imprisonment — has not been modified and remains in place. Instead, upon revoking his probation, the trial court imposed a new sentence on Appellant's **REAP** conviction of six months to two years' imprisonment, to run consecutively. The new aggregate sentence, of eight months to four years, was thus the result of a violation of probation — the facts underlying to which Appellant stipulated — and the resentencing of his REAP conviction.

We note the relevant standard of review: we review the PCRA court's findings, in the light most favorable to the prevailing party, and determine whether they are supported by the record and free from legal error. *Commonwealth v. Sarvey*, 199 A.3d 436, 445-46 (Pa. Super. 2018), *appeal denied*, 208 A.3d 62 (Pa. 2019). "We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*." *Id.* at 446.

This Court has explained:

> [C]ounsel is presumed effective[. T]o prove counsel [was] ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *See Commonwealth v. Pierce*, . . . 527 A.2d 973 (Pa. 1987). If a petitioner fails to prove any of these prongs, his claim fails. . . . To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

*Sarvey*, 199 A.3d at 452 (some citations omitted).

We first consider Appellant's claim that Trial Counsel was ineffective for failing to timely request recusal of the trial judge, where the judge's prior comments at the bail and initial sentencing hearings "indicated the court's predisposition to send [him] to state prison if [he] violated the terms of his sentence/probation." Appellant's Brief at 5. Appellant maintains that although Trial Counsel included a recusal issue in the **post**-VOP sentence motion, Trial Counsel should have raised this issue **prior** to the VOP hearing. *Id.* No relief is due.

We note:

> "The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion." . . . A jurist, when a motion for recusal is filed, must "consider whether his or her involvement in the case creates an appearance or impropriety and/or would tend to undermine public confidence in the judiciary."

*Sarvey*, 199 A.3d at 454 (citations omitted).

The bases for Appellant's recusal and ineffectiveness claim are comments made by the trial court at the May 26, 2016, bail hearing and June 16th original sentencing hearing. In denying Appellant's motion to reinstate his bail, the trial court explained:

> The criminal court system basically has two jobs. The first is accountability, to hold people accountable for their actions.
>
> The second job essentially is to try to get people to modify their behavior.
>
> * * *
>
> . . . I am holding you accountable for your actions [of] **not showing up for your jury selection, and then disobeying the conditions of your electronic monitoring, or of your release on house arrest**.
>
> I understand that you are not accustomed to being held accountable and so this is probably uncomfortable for you. I recognize that.
>
> But I think making it uncomfortable is good. I want to make it uncomfortable for you.
>
> In fact, I want to make it painful for you because I have a second job. That's to try to modify your behavior.

\*    \*    \*

So, I have no intention —you can file a motion to be released every Monday between now and sentencing. I am not going to release you. I am going to make this as painful for you as I can so that that memory is burnt on your brain, and I hope to never see you here again. That's what I really hope for. I hope you never come through this system again.

. . . What I'm doing is **I am causing you to be able to avoid a future State prison sentence, because if you come back again, that's probably what is going to happen**.

N.T., 5/26/16, at 5-8 (emphases added).

Furthermore, Appellant's instant DUI conviction is his third. At sentencing, the trial court stated:

I am going to give you a time-served sentence that's going to allow you to be paroled today. I'm going to add onto the time-served sentence a probationary tag, and this is what I want you to understand — and if you forget everything that I have ever told you up to this point, remember this: If you come back here again and **get your parole and probation revoked because you have committed another offense or any other reason, I promise you I am going to send you to State Prison** and there will be nothing anyone can do to convince me otherwise.

So when you are out on the street starting today, remember that. Keep that in the back of your mind. And I hope I don't see you again. I hope you successfully complete your parole and probation and this is the last time see you in this courtroom.

N.T., 6/16/16, at 7 (emphasis added). Eight days thereafter, the county probation department filed its VOP petition.

After reviewing the above, we disagree with Appellant's underlying claim that the trial court acted with such "bias, prejudice, or unfairness necessitating recusal." **See Sarvey**, 199 A.3d at 454. The trial court emphasized it had

- 11 -

previously accommodated Appellant's requests for bond and bail, despite Appellant's repeated failure to comply with its terms. The court also emphasized its sentencing duties to hold Appellant accountable for his conduct and to attempt to modify Appellant's behavior. The court twice articulated its desire that Appellant would not appear before it again and would change his behavior. In light of all the foregoing — which Appellant ignores in his argument — we conclude Appellant has failed to establish his underlying claim has merit. Accordingly, no relief is due on his assertion that Trial Counsel failed to timely request recusal. **See id.** at 452.

Next, Appellant avers Trial Counsel was ineffective for failing to request a drug and alcohol evaluation in preparation for the VOP hearing. Appellant reasons that without a drug and alcohol evaluation, Trial Counsel's requests for "a county sentence with treatment were not unpersuasive." Appellant's Brief at 4. We disagree.

At the initial sentencing hearing on June 16, 2016, the trial court had reviewed Appellant's pre-sentence investigation report, and thus we presume it "was aware of relevant information regarding [his] character and weighed those considerations along with mitigating statutory factors." **See Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988); N.T., 6/16/16, at 1. Furthermore, the court was aware specifically of Appellant's alcohol and drug use, where Appellant had recently violated the terms of his electronic monitoring by using alcohol, cocaine, and marijuana. **See also** N.T., 6/16/16,

at 10 (court stating its reasons for sentence: "[Appellant] has been afforded numerous opportunities for rehabilitation in the past; however, he continues to use alcohol and violate the law."). The same trial court presided over the VOP hearing a mere seven weeks later, on August 3, 2016. Incorporating our discussion above, concerning the trial court's reasons for imposing a state sentence, we conclude there is no merit to Appellant's underlying claim that a drug and alcohol evaluation prepared specifically for the VOP hearing would have swayed the trial court to impose a county sentence. *See Sarvey*, 199 A.3d at 452. Accordingly, this ineffectiveness claim fails.

Appellant's final claim is that Trial Counsel was ineffective for disregarding his request to file a direct appeal.

> It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights. Where a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights. Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal.

*Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa. Super. 2011) (citations omitted).

At the PCRA hearing, Appellant testified he requested Trial Counsel to file a post-sentence motion and direct appeal, as follows:

> [Appellant's Counsel]: And did you request [Trial Counsel] to file a Post-Sentence Motion?
>
> [Appellant:] Yes, an appeal.

- 13 -

N.T. PCRA H'rg at 10.[8]  Appellant, however, did not provide any further testimony or evidence about this alleged request.  The PCRA court reasoned:

> Without more [evidence], particularly in light of the absence of testimony from [T]rial [C]ounsel at the evidentiary hearing, [Appellant's] bare assertions in this regard **lack credibility** and are inadequate to sustain his burden of proof at this stage. Consequently, we find that [Appellant's] claim concerning [T]rial [C]ounsel's failure to file a direct appeal lacks arguable merit and must be dismissed accordingly.

PCRA Ct. Op. at 4-5 (emphasis added).

We reiterate that we defer to the PCRA court's credibility determinations.  *See Sarvey*, 199 A.3d at 446.  The court was free to reject Appellant's claim, where he provided no explanation of when or how he requested Trial Counsel to file a direct appeal.  Accordingly, we affirm the PCRA court's denial of relief on this issue as well.

For the foregoing reasons, no relief is due to Appellant, and we affirm the order of the PCRA court dismissing his counseled amended PCRA petition and "Motion for Reconsideration of Sentence *Nunc Pro Tunc*."

Order affirmed.

_____

[8] The PCRA court stated "the **only** evidence offered by" Appellant was his own testimony that Trial Counsel did not take a direct appeal and did not provide any reason for not doing so.  PCRA Ct. Op. at 4.  Our review of the PCRA hearing transcript, reveals Appellant did further testify he reqeusted Trial Counsel to file a direct appeal.  *See* N.T., 2/19/19, at 10.  Nevertheless, as we discuss above, we defer to the PCRA court's credibility determinations and finding that Appellant failed to establish grounds for relief.

- 14 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2020