J-S27011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC GERMAN | |
| Appellant | No. 2139 EDA 2021 |

Appeal from the Order Entered September 30, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0004517-2008

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 22, 2022**

Appellant appeals from the September 30, 2021 order entered in the Court of Common Pleas of Lehigh County ("trial court"), following the denial of his self-styled "Motion to Modify Sentence *Nunc Pro Tunc*" (the "Motion"). Upon review, affirm.

The facts and procedural history of this case are undisputed. As recounted by a prior panel of this Court in connection with Appellant's appeal from the denial of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"):

> On January 13, 2009, Appellant entered a plea of guilty to Rape of a Child [(18 Pa.C.S.A. § 3121(c))]. Appellant was sentenced to a term of imprisonment of not less than ten (10) years nor more than forty (40) years in a state correctional institution [and deemed a sexually violent predator (SVP)]. On August 28, 2009, Appellant filed a direct appeal. On June 18, 2010, the Superior Court affirmed this court's judgment of sentence. Thereafter, a motion for writ of habeas corpus was filed on September 7, 2010,

and an amended [PCRA petition] was filed on October 29, 2010. Then, on November 22, 2010, Appellant withdrew his [PCRA petition]. Thereafter, on February 4, 2011, Appellant filed a second motion for writ of habeas corpus, which the court denied on April 6, 2011. Also, on June 13, 2011, Appellant filed a *pro se* motion for writ of habeas corpus, and on June 15, 2011, Appellant filed a *pro se* supplemental motion for writ of habeas corpus. The court denied said motion on July 26, 2011. Then, Appellant filed another petition seeking post conviction collateral relief on July 12, 2012, that the court subsequently denied. Appellant filed another [PCRA petition] on December 10, 2014. After providing Appellant with notice of its intent to dismiss this subsequent motion for [collateral relief], the court denied Appellant's requested relief on January 13, 2015. Thereafter, on August 17, 2017, Appellant filed a sixth [PCRA] petition. The court again provided Appellant with notice of its intent to dismiss this petition on August 23, 2017. Thereafter, on September 13, 2017, the court denied said petition. The within appeal followed on or about September 20, 2017.

*Commonwealth v. German*, No. 3120 EDA 2017, unpublished memorandum, at *1-2 (Pa. Super. filed August 9, 2018) (unnecessary capitalizations, brackets and footnotes omitted). On August 9, 2018, we affirmed the denial of Appellant's sixth PCRA petition, concluding it was untimely.

On September 16, 2021, Appellant filed the Motion at issue, seeking the *nunc pro tunc* reinstatement of his right to file post-sentence motions. Upon reinstatement, Appellant intends to request the modification of his sentence for purposes of removing the no-contact provision with his victim, his biological daughter, whom he raped when she was 10 years old. On September 30, 2021, the trial court denied the motion. Appellant timely

appealed. The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal, Appellant presents a single issue for our review.

[I.] Did the lower court abuse its discretion when it denied *nunc pro tunc* relief from a no-contact provision in the sentencing order, prohibiting Appellant from contacting his daughter, where: (1) Appellant has made reasonable efforts at rehabilitation; (2) the victim is currently over the age of 18; and (3) Appellant's daughter contacted him requesting assistance.

Appellant's Brief at 3 (unnecessary capitalizations omitted).

At the outset, we note that the Motion should have been treated as one falling under the PCRA. The plain language of the PCRA provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. § 9542. Cognizant of the stated purpose of the PCRA, we have held that any petition filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition where the PCRA provides for a potential remedy. **See**, **e.g.**, **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("all motions filed after a judgment of sentence is final are to be construed as PCRA petitions") (citation omitted); **Commonwealth v. Evans**, 866 A.2d 442, 442-44 (Pa. Super. 2005) (where defendant's motion for modification of sentence was filed after conclusion of 10-day post-sentence and 30-day appeal filing periods, motion was properly treated as PCRA petition); **Commonwealth v. Eller**, 807 A.2d 838, 842 (Pa. 2002) (noting that if relief is available under the PCRA, the PCRA is the exclusive means of

- 3 -

obtaining the relief sought). Accordingly, the Motion should have been treated as a PCRA petition.

Having established that the Motion should be treated as PCRA petition,[1] we now must determine whether the PCRA court had jurisdiction to entertain it. A court cannot consider a PCRA petition unless the petitioner has first satisfied the applicable filing deadline. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[1] Our standard of review is whether the PCRA court's findings are free of legal error and supported by the record. ***Commonwealth v. Martin***, 5 A.3d 177, 182 (Pa. 2010) (citation omitted).

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.[2]

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects that on June 18, 2010, a panel of this Court affirmed Appellant's judgment of sentence. *Commonwealth v. E.G.*, 4 A.3d 692 (Pa. Super. 2010). As Appellant did not file a petition for allowance of appeal, his judgment of sentence became final on July 19, 2010. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, because Appellant had one year from July 19, 2010, to file his PCRA petition, the Motion is facially untimely given it was filed on September 16, 2021, more than ten years late.

_____

[2] Section 9545(b)(2) was amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies only to claims arising on or after December 24, 2017.

- 5 -

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. *See Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). Here, Appellant has failed to allege, let alone prove, at any stage of the proceeding any exceptions to the one-year time bar. The Motion, properly treated as a PCRA petition, was untimely. Accordingly, the PCRA court did not err in dismissing the Motion.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2022

---

[3] While our rationale differs from the PCRA court insofar as it did not conduct a jurisdictional analysis, it is well-settled that we may affirm on any basis. *See Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010), *appeal denied*, 26 A.3d 1100 (Pa. 2011).